■ TOMMY HILFIGER, USA, INC., et al., Respondents, v COMMONWEALTH TRUCKING, INC., et al., Defendants, and CONSOLIDATED RAIL CORPORATION, Appellant. (And a Third-Party Action.) [751 NYS2d 446] —Order, Supreme Court, New York County (Charles Ramos, J.), entered February 7, 2002, insofar as it granted plaintiffs' cross motion for partial summary judgment as to liability as a sanction for spoliation of evidence by Consolidated Rail Corporation (Conrail), unanimously modified, on the law and the facts, to the sole extent that the spoliation sanction is reduced to an adverse inference charge at trial, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered May 13, 2002, which denied Conrail's motion to renew and reargue, unanimously dismissed as moot, without costs.

This action arises out of an alleged hijacking of a shipment container of Tommy Hilfiger wearing apparel from a truck owned and operated by defendant Commonwealth Trucking, Inc. (Commonwealth) at the Conrail facility in Croxton, New Jersey. The shipment, which consisted of three sealed containers, had originated in Indonesia and was en route from California to New York, its final destination. The Croxton facility is surrounded by a fence which is eight feet high topped with

razor wire and patrolled by Conrail police officers. Video cameras are strategically placed to monitor and record activity inside the secured facility. These videotapes were routinely changed on a daily basis and held for 14 days prior to their reuse by Conrail's police department.

After the shipment had remained for 11 days at the Croxton facility, Commonwealth sent a truck to pick up the subject container on behalf of Hilfiger. As the driver went to hitch the cab to his truck, he noticed that the container's seal was missing and notified Conrail's police department. After a Conrail police inspection revealed that the container was nearly full, the container was resealed with a Conrail police seal and a Polaroid photograph was taken of the back of the container. The driver then signed for receipt and custody of the container and proceeded to drive through an open gate of an unmanned guard booth. As the cab of the truck passed the gate and came to a stop before entering a public roadway, leaving the 40-foot container inside the gate, the driver was allegedly confronted by three masked men who hijacked the truck. At the time of hijacking, Conrail had four of its video cameras aimed at the unmanned guard booth. After a review of these videotapes, Conrail's police department found them to be of poor quality and lacking any probative value in their investigation since the cameras pointed inward to the facility, not outward where the hijacking occurred. These tapes were not preserved and were subsequently recycled by Conrail. Likewise, Conrail could not locate the Polaroid photograph taken by its police department of the subject container before it was resealed.

Conrail subsequently moved for summary judgment dismissing the complaint since there was no proof that the subject property was delivered to it in good condition or that the loss occurred while the container was in its custody. Plaintiffs cross-moved for partial summary judgment, contending that Conrail destroyed the videotapes and the Polaroid photograph before plaintiffs had an opportunity to examine them. The motion court found, inter alia, that the videotapes and photograph would have been relevant to the contested facts of this case and that their loss had substantially impeded plaintiffs' attempt to prove their case. Accordingly, the motion court sanctioned Conrail by determining the issue of liability against it and denied its motion for summary judgment. Conrail now appeals this order insofar as it granted plaintiffs' cross motion for partial summary judgment as to liability. Subsequently, Conrail's motion for leave to renew/reargue was denied and Conrail also appeals this order.

The motion court erred, however, in imposing liability against Conrail as a matter of law as a sanction for the destruction of the subject videotapes and loss of the Polaroid photograph. While the striking of a pleading may be justified where a party destroys key physical evidence such that its opponents are " 'prejudicially bereft of appropriate means to [either present or] confront a claim with incisive evidence' " (*DiDomenico v C & S Aeromatik Supplies*, 252 AD2d 41, 53; *Squitieri v City of New York*, 248 AD2d 201, 202), outright dismissal remains a drastic remedy and is appropriate only where less severe sanctions have been ruled out.

Since the evidence destroyed or lost in the instant matter is not crucial to plaintiffs' case, a lesser sanction was warranted. Here, the lost Polaroid photograph merely reflected the Conrail police officer's observation that the container was almost full. This observation was contemporaneously recorded by the officer in his report, later reiterated in the officer's sworn affidavit and corroborated by the eyewitness truck driver. Similarly, plaintiffs failed to demonstrate that the subject videotapes, which were recycled years before the action was commenced, contained any evidence establishing Conrail's liability. Under these circumstances, the destruction of the videotapes and the loss of the Polaroid photograph present no insurmountable burden to plaintiff and a lesser sanction of an adverse inference at trial is appropriate. Concur—Williams, P.J., Nardelli, Rosenberger, Ellerin and Lerner, JJ.