■ BRIAN MYLONAS, Appellant-Respondent, v TOWN OF BROOKHAVEN et al., Defendants, and HAMPTON COACH, Respondent-Appellant. [759 NYS2d 752] —In an action to recover damages for personal injuries, (1) the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Catterson, J.), dated May 15, 2002, as granted that branch of his motion which was for summary judgment against the defendant Hampton Coach based upon its spoliation of evidence only to the extent of precluding Hampton Coach from offering certain evidence at the trial of this action and allowing an adverse inference to be drawn against it, and denied that branch of his motion which was for leave to serve an amended complaint, and (2) the defendant

Hampton Coach cross-appeals from so much of the same order as granted that branch of the plaintiff's motion which was for summary judgment to the extent of precluding it from offering certain evidence at the trial of this action and allowing an adverse inference to be drawn against it.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

On the morning of January 7, 1998, the plaintiff was badly injured when the vehicle he was driving skidded on a wet roadway, hit a telephone pole, and burst into flames. The vehicle involved in the accident was a 1992 Chevrolet Caprice owned by the defendant Hampton Coach, and assigned to the plaintiff, as an independent contractor, for use as a taxicab. Approximately eight months after the accident, the plaintiff commenced this action against, inter alia, Hampton Coach, alleging that the vehicle assigned to him on the day of the accident was mechanically unsound, and that its deficiencies, which included bald tires, had caused the vehicle to skid and prevented him from regaining control over it. It is undisputed that at some point prior to the commencement of this action, Hampton Coach had the vehicle involved in the accident destroyed. All records relating to repair and maintenance of the vehicle were also destroyed. In addition, although photographs of the vehicle were allegedly taken after the accident, these too were apparently lost or destroyed.

The plaintiff subsequently moved, among other things, for summary judgment on the ground of spoliation of evidence, contending that Hampton Coach deliberately had the vehicle and all maintenance records destroyed to prevent him from proving his case. The Supreme Court concluded that the plaintiff was not entitled to summary judgment on this ground, finding that although there were circumstances suggesting that the subject evidence may have been deliberately destroyed, there was no concrete proof that this was the case. However, as a sanction for spoliation, the Supreme Court directed that Hampton Coach be precluded from offering evidence of the condition of the vehicle at trial, and that an adverse inference charge be given against it. The plaintiff and Hampton Coach appeal and cross-appeal, respectively, from this determination.

On appeal, the plaintiff contends that the Supreme Court should have stricken Hampton Coach's answer, either pursuant to CPLR 3126 or the common-law doctrine of spoliation, and awarded him summary judgment based upon the company's intentional destruction of key evidence. We disagree. To impose the drastic remedy of striking a pleading pursuant to

CPLR 3126, there must be a clear showing that a party's failure to comply with discovery demands was willful, contumacious, or in bad faith (*see Foncette v LA Express,* 295 AD2d 471 [2002]; *Fellin v Sahgal,* 268 AD2d 456 [2000]). Here, while the Supreme Court took note of several factors which raised an inference that Hampton Coach's destruction of the subject evidence and resulting inability to comply with discovery demands were deliberate, there was insufficient proof to conclusively establish that it acted willfully, contumaciously, or in bad faith. Furthermore, although the sanction of dismissal of a pleading may be imposed even absent willful or contumacious conduct if a party has been so prejudiced that dismissal is necessary as a matter of "fundamental fairness" (*see Klein v Ford Motor Co.,* 303 AD2d 376 [2003]; *Favish v Tepler,* 294 AD2d 396 [2002]), the Supreme Court providently exercised its discretion in concluding that striking Hampton Coach's answer was not warranted. While the evidence destroyed by Hampton Coach was relevant, the loss of the opportunity to inspect the vehicle and the loss of the repair and maintenance records will not deprive the plaintiff of the means of proving his claim (*see Tommy Hilfiger, USA v Commonwealth Trucking,* 300 AD2d 58 [2002]; *Foncette v LA Express, supra; Marro v St. Vincent's Hosp. & Med. Ctr. of N.Y.,* 294 AD2d 341 [2002]; *Chiu Ping Chung v Caravan Coach Co.,* 285 AD2d 621 [2001]). However, contrary to the contention raised by Hampton Coach on its cross appeal, the Supreme Court properly sanctioned it for its destruction of evidence by precluding it from offering evidence of the condition of the vehicle at trial, and granting an adverse inference charge (*see Tommy Hilfiger, USA v Commonwealth Trucking, supra; Foncette v LA Express, supra; Marro v St. Vincent's Hosp. & Med. Ctr. of N.Y., supra*).

Furthermore, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to serve an amended complaint, since he failed to make an evidentiary showing that the proposed amendments have merit (*see Toscano v Toscano,* 302 AD2d 453 [2003]; *Arnold v Siegel,* 296 AD2d 363 [2002]; *Citarelli v American Ins. Co.,* 282 AD2d 494 [2001]).

The parties' remaining contentions are without merit. Santucci, J.P., Krausman, Schmidt and Townes, JJ., concur.