Judgment, Supreme Court, New York County (Alice Schlesinger, J), entered April 29, 2002, which, upon the grant of the motion of defendants FGP Bush Terminal and Newmark & Company Real Estate at the close of plaintiffs case, dismissed the complaint as against those defendants, and judgment, same court and Justice, entered June 20, 2002, upon a jury verdict, in favor of defendant Allboro Piping and against plaintiff, unanimously affirmed, without costs.
The court properly quashed plaintiffs subpoena to require the testimony of an expert retained by the defense since involuntary expert opinion testimony may not ordinarily be compelled, and there were no circumstances upon which an exception to this rule might have been premised (see People ex rel. Kraushaar Bros. & Co. v Thorpe, 296 NY 223 [1947]; see also Gilly v City of New York, 69 NY2d 509 [1987]).
Where, as here, the disposed-of evidence was not key to the proof of plaintiffs case, the court properly exercised its discretion in limiting its sanction against defendant Allboro for spoliation to an adverse inference charge (see Tommy Hilfiger, USA v Commonwealth Trucking, 300 AD2d 58, 60 [2002]).
The complaint was properly dismissed against defendants FGP Bush and Newmark & Company in light of the absence of evidence that their conduct was a substantial factor in causing the flood that damaged plaintiffs premises (see Howard v Poseidon Pools, 72 NY2d 972 [1988]).
Finally, the trial evidence, most notably the testimony of defendant Allboro’s president, enabled the jury to render fairly the verdict it did in Allboro’s favor. The jury was not bound to accept the testimony of plaintiff’s expert (see Chadbourne & Parke v HGK Asset Mgt., 295 AD2d 208, 209 [2002]) as to causation and the standard of care in the subterranean plumbing industry. Concur — Tom, J.P, Saxe, Rosenberger, Williams and Gonzalez, JJ.