■ ALEJANDRO CRUZ, Respondent, v FOREMOST MACHINERY CORP. et al., Defendants, and LEESON ELECTRICAL CORP., Defendant and Third-Party Plaintiff-Appellant. DINAPOLI RECYCLING COMPANY, INC., Third-Party Defendant-Respondent. [774 NYS2d 414]—

In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, J.), entered December 27, 2002, as, upon renewal, adhered to its prior determination in an order dated February 22, 2002, denying its motion, inter alia, to dismiss the complaint pursuant to CPLR 3126 based on spoliation of evidence.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The Supreme Court properly denied the motion to dismiss the complaint. Although the appellant was prejudiced by the destruction of the subject machine, the plaintiff also was prejudiced thereby, and was not responsible for its spoliation (*see McLaughlin v Brouillet,* 289 AD2d 461 [2001]; *cf. Thornhill v A.B. Volvo,* 304 AD2d 651 [2003]; *Roman v North Shore Orthopedic Assn.,* 271 AD2d 669 [2000]). Thus, dismissal of the plaintiff's complaint was not warranted.

The appellant's remaining contentions are without merit (*see McAllister v Renu Indus. Tire Corp.,* 202 AD2d 556 [1994]). Krausman, J.P., Goldstein, Adams and Cozier, JJ., concur.