■ ROBERT C. ENSTROM, SR., et al., Respondents, v GARDEN PLACE HOTEL, a Subsidiary of SALVATORE'S ITALIAN GARDENS, INC., Appellant, and BISON PLUMBING CITY, INC., Respondent. (Appeal No. 1.) [811 NYS2d 263]—

Appeal from an order of the Supreme Court, Erie County (Kevin M. Dillon, J.), entered August 6, 2004. The order, among other things, granted in part plaintiffs' motion to strike the answer of defendant Garden Place Hotel, a subsidiary of Salvatore's Italian Gardens, Inc., as a sanction for the spoliation of evidence.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by vacating the sanction imposed, reinstating the first affirmative defense of defendant Garden Place Hotel, a subsidiary of Salvatore's Italian Gardens, Inc., and granting plaintiffs an adverse inference charge against that defendant and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Robert C. Enstrom, Sr. (plaintiff) when he fell while attempting to lift himself from a whirlpool tub located in a hotel room at defendant Garden Place Hotel, a subsidiary of Salvatore's Italian Gardens, Inc. (hotel). Plaintiff had placed his hand on a plastic handle affixed to the wall of the tub, and the handle came off as he lifted himself from the tub, causing him to fall. After the tub and handle were inspected by the manager of the hotel, the handle was screwed back into the wall of the tub to prepare the room for the arrival of new guests. During the course of discovery in this action, plaintiffs sought discovery of the handle for inspection. The hotel informed plaintiffs that it no longer had the handle in its possession because the plastic handles on the Hotel's tubs had been replaced with what the hotel manager described at his deposition as "heavy duty" metal handles. Plaintiffs thereafter moved, inter alia, to strike the Hotel's answer as a sanction for the spoliation of evidence and, by the order in appeal No. 1, Supreme Court granted the motion "in part" and ordered that plaintiffs "are entitled to a directed verdict against [the hotel] on the issues of liability and culpable conduct." Defendant Bison Plumbing City, Inc. (Bison), the retailer and distributor of the tub, moved for summary judgment seeking "spoliation sanctions" against the hotel and, by the order in appeal No. 2, the court granted the motion "to the extent that Bison is awarded a conditional Order of [common-law] indemnification against [the hotel]." We conclude that the court abused its discretion with respect to the sanctions it imposed (*see generally Steuhl v Home Therapy Equip., Inc.*, 23 AD3d 825 [2005]).

Spoliation sanctions may be appropriate "even if the destruction occurred through negligence rather than wilfulness, and even if the evidence was destroyed before the spoliator became a party, provided [the party] was on notice that the evidence might be needed for future litigation" (*DiDomenico v C & S Aeromatik Supplies*, 252 AD2d 41, 53 [1998]; *see Iannucci v Rose*, 8 AD3d 437, 438 [2004]; *see also Wetzler v Sisters of Charity Hosp.*, 17 AD3d 1088, 1089-1090 [2005], *amended on other grounds* 20 AD3d 944 [2005]). Striking a pleading for negligent spoliation is a drastic sanction that is appropriate only where the missing evidence "deprive[s] the moving party of the ability to establish his or her defense or case" (*Iannucci*, 8 AD3d at 438; *see Wetzler*, 17 AD3d at 1089-1090; *Metropolitan N.Y. Coordinating Council on Jewish Poverty v FGP Bush Term.*, 1 AD3d 168 [2003]; *Tawedros v St. Vincent's Hosp. of N.Y.*, 281 AD2d 184 [2001]).

With respect to the order in appeal No. 1, we conclude that plaintiffs failed to establish in support of their motion that they would be unable to present a prima facie case against Bison based on defective design and thus failed to establish their entitlement to the spoliation sanction imposed by the court against the hotel. Although plaintiffs' engineering expert did not have the actual handle and affixing screws available for testing, he was provided with exemplars by the manufacturers. According to his affidavit submitted by the hotel in opposition to plaintiffs' motion, in testing those exemplars he found "ample evidence that the [handle] was defective in its design" and opined that "there are more structurally sound and better alternative designs for the [handle] that would be more effective and safer for the consumer." In addressing the fact that the handle pulled away from the tub wall, plaintiffs' engineering expert averred that he was able to identify four "possible means by which the [handle] failed," but he further opined that, "[r]egardless of the methods by which the [handle] failed at the time of the Plaintiff's accident, the cause of the methods of failure still stem[s] from the defective design of the [handle]."

Because plaintiffs are not required to prove the specific defect in order to present a prima facie case of defective design, and because their expert's opinion "exclude[s] all causes of the accident not attributable" to product defect, we conclude that plaintiffs are able to present a prima facie case based on defective design despite the spoliation of evidence (*see Halloran v Virginia Chems.*, 41 NY2d 386, 388 [1977]; *Sideris v Simon A. Rented Servs.*, 254 AD2d 408, 409 [1998]; *Peerless Ins. Co. v Ford Motor Co.*, 246 AD2d 949 [1998]; *see generally Voss v Black & Decker Mfg. Co.*, 59 NY2d 102, 107-108 [1983]).

Also with respect to the order in appeal No. 1, plaintiffs likewise failed to establish that they would be unable to present a prima facie case against the hotel based on negligent inspection and/or maintenance of the handle. Indeed, on a prior motion by the hotel for summary judgment dismissing the second amended complaint against it, the court found that there was an issue of fact concerning the hotel's negligence based on deposition testimony that the hotel knew that there previously had been problems with the tub handles and that the hotel's inspectors do not check the tub handles prior to approving rooms for the arrival of new guests.

We thus conclude with respect to the orders in appeal Nos. 1 and 2 that, based on the record before us, an adverse inference charge against the hotel is a more appropriate sanction for the spoliation of evidence than the sanctions ordered by the court with respect to the respective motions of plaintiffs and Bison (see Wetzler, 17 AD3d at 1090; Metropolitan N.Y. Coordinating Council on Jewish Poverty v FGP Bush Term., 1 AD3d 168 [2003]; see also PJI 1:77.1 [2006]). We therefore modify the order in each appeal accordingly. Present—Pigott, Jr., P.J., Hurlbutt, Martoche, Pine and Hayes, JJ.