■ ANGELA RODRIGUEZ, Respondent-Appellant, v 551 REALTY LLC et al., Appellants-Respondents. [826 NYS2d 234]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered March 9, 2006, which denied plaintiff's motion to strike defendants' answer and for summary judgment as to liability as a sanction for defendants' spoliation of evidence, and directed that a spoliation charge be given to the jury at trial, unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of striking the sanction, without prejudice to an application by plaintiff at trial for an adverse inference charge, and otherwise affirmed, without costs.

The complaint alleges that a stove in residential premises owned and managed by defendants exploded, causing plaintiff to sustain serious injury. Several days later, defendants' building superintendent disposed of the stove.

The record raises questions of fact as to whether defendants had notice of the allegedly defective stove. In addition, plaintiff is in possession of photographs of the stove taken shortly after the accident that afforded information to permit her expert to prepare an affidavit concluding that it was in fact defective (*see Tommy Hilfiger, USA v Commonwealth Trucking*, 300 AD2d 58, 60 [2002]). Thus, the court properly exercised its discretion in denying plaintiff's motion to strike the answer (*see Ifraimov v Phoenix Indus. Gas*, 4 AD3d 332, 334 [2004]; *Chiu Ping Chung v Caravan Coach Co.*, 285 AD2d 621, 622 [2001]). However, plaintiff may, if so advised, seek an adverse inference charge at trial (*see Linarello v City Univ. of N.Y.*, 6 AD3d 192, 194 [2004]; *Balaskonis v HRH Constr. Corp.*, 1 AD3d 120, 121 [2003] ["a sanction appropriately 'tailored' to achieve a fair result"]). Concur—Tom, J.P., Marlow, Sullivan, McGuire and Malone, JJ.