■ CONNELL FRIEL et al., Respondents, v CHARLES E. PAPA et al., Appellants. [829 NYS2d 569]—

In an action to recover damages for defamation and unlawful termination in violation of Labor Law § 740, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), dated May 5, 2006, as granted that branch of the plaintiffs' cross motion which was to strike the answer based on spoliation of evidence and pursuant to CPLR 3126.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and that branch of the cross motion which was to strike the answer is denied.

The Supreme Court erred in granting that branch of the plaintiffs' cross motion which was to strike the answer pursuant to the common-law doctrine of spoliation based upon the destruction of the hard drive of a computer used by the defendant Charles E. Papa. Where a party destroys essential physical evidence such that its opponents are "prejudicially bereft of appropriate means [to either present or] confront a claim with incisive evidence," the spoliator may be sanctioned by the striking of its pleading (*DiDomenico v C & S Aeromatik Supplies*, 252 AD2d 41, 53 [1998] [internal quotation marks omitted]; *see Barahona v Trustees of Columbia Univ. in City of N.Y.*, 16 AD3d 445 [2005]; *Baglio v St. John's Queens Hosp.*, 303 AD2d 341, 342 [2003]). Furthermore, the sanction of dismissal of a pleading may be imposed even absent willful and contumacious conduct if a party has been so prejudiced that dismissal is necessary as a matter of fundamental fairness (*see Mylonas v Town of Brookhaven*, 305 AD2d 561, 563 [2003]; *Klein v Ford Motor Co.*, 303 AD2d 376, 377 [2003]; *Favish v Tepler*, 294 AD2d 396 [2002]). While some of the information stored on the destroyed computer hard drive is relevant to the prosecution of this action, since the plaintiffs inspected the hard drive and obtained the relevant information prior to its destruction, they will not be deprived of the means of proving their case (*see Chiu Ping Chung v Caravan Coach Co.*, 285 AD2d 621 [2001]). Furthermore, the plaintiffs failed to show that the evidence destroyed was central to their case or that they were prejudiced by its destruction (*see Klein v Ford Motor Co., supra* at 377).

Moreover, dismissal was also unwarranted pursuant to CPLR

3126, as there was insufficient proof to conclusively establish that the defendants acted wilfully and contumaciously (*see Kerman v Martin Friedman, C.P.A., P.C.,* 21 AD3d 997 [2005]; *Mylonas v Town of Brookhaven, supra* at 563; *Klein v Ford Motor Co., supra* at 378). Schmidt, J.P., Rivera, Skelos and Lunn, JJ., concur.