■ GEORGINA HUEZO et al., Respondents, v SILVERCREST et al., Defendants, and SILVERCREST EXTENDED CARE FACILITY, Appellant. [890 NYS2d 125]—

The Supreme Court improvidently exercised its discretion in granting the plaintiffs' motion to strike the appellant's answer based upon the loss or spoliation of evidence unless it produced certain discovery by a date certain. When a party negligently loses or intentionally destroys key evidence, thereby preventing its opponent from being able to prove its claim or defense, the spoliator may be sanctioned by the striking of its pleading (*see Denoyelles v Gallagher*, 40 AD3d 1027 [2007]; *Friel v Papa*, 36 AD3d 754 [2007]; *Baglio v St. John's Queens Hosp.*, 303 AD2d 341, 342-343 [2003]). Furthermore, the sanction of dismissal of a pleading may be imposed even absent willful and contumacious conduct if a party has been so prejudiced that dismissal is necessary as a matter of fundamental fairness (*see Friel v Papa*, 36 AD3d at 755; *Iannucci v Rose*, 8 AD3d 437, 438 [2004]; *Mylonas v Town of Brookhaven*, 305 AD2d 561, 563 [2003]). Here, however, the plaintiffs failed to show that the appellant's alleged "daily sheet" for June 28, 2006, and the file referred to in the appellant's security log book entry on June 28, 2006, were central to their case, or that they were prejudiced by the purported loss of this evidence (*see Friel v Papa*, 36 AD3d at 755; *Deveau v CF Galleria at White Plains, LP*, 18 AD3d 695, 696 [2005]; *Klein v Ford Motor Co.*, 303 AD2d 376, 377 [2003]). Furthermore, the plaintiffs failed to demonstrate that the purported loss of the daily sheet and file was the result of intentional or negligent conduct on the appellant's part after it was placed on notice that this evidence might be needed for future litigation (*see Dennis v City of New York*, 18 AD3d 599, 600 [2005]; *Goll v American Broadcasting Cos., Inc.*, 10 AD3d 672, 673 [2004]; *Andretta v Lenahan*, 303 AD2d 527, 528 [2003]). Rivera, J.P., Covello, Angiolillo, Leventhal and Roman, JJ., concur.