■ JACOB AHRONER, Appellant-Respondent, v ISRAEL DISCOUNT BANK OF NEW YORK et al., Respondents-Appellants. [913 NYS2d 181]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered July 13, 2009, which, insofar as appealed from, granted spoliation sanctions to the extent of granting plaintiff an adverse inference instruction at trial with respect to e-mails on defendant Bastante's hard drive, permitting plaintiff to seek a missing documents charge with respect to certain "employee

lists" at the time of trial, and directing defendants to reimburse plaintiff for the amount he paid to a forensic expert to examine Bastante's hard drive along with related attorneys' fees, unanimously affirmed, without costs. Order, same court and Justice, entered March 10, 2010, which granted defendants' motion for a protective order, struck plaintiff's notice to admit, and denied plaintiff's cross motion for further discovery, unanimously affirmed, without costs.

On a motion for spoliation sanctions involving the destruction of electronic evidence, the party seeking sanctions must establish that (1) the party with control over the evidence had an obligation to preserve it at the time it was destroyed; (2) the records were destroyed with a "culpable state of mind," and (3) the destroyed evidence was "relevant" to the moving party's claim or defense. A "culpable state of mind," for purposes of a spoliation inference, includes ordinary negligence (*Zubulake v UBS Warburg LLC*, 220 FRD 212, 220 [SD NY 2003]).

Spoliation sanctions were properly granted. The record evidence demonstrated that defendants controlled Bastante's hard drive, were aware of their obligation to preserve it, and were subsequently directed by the court to do so. Defendants informed the court that they would comply with their obligations and would produce the hard drive for inspection by a forensic expert. However, the hard drive was erased before plaintiff was able to inspect it. More specifically, one day before the scheduled inspection, plaintiff was informed that the hard drive had been erased and an image of it had been taken. However, the forensic expert later learned that no image of the hard drive had in fact been taken, leaving him nothing to inspect.

The record evidence is unclear as to when the hard drive was erased or whether it was preserved, and defendants never explained what happened. The motion court was understandably "deeply disturbed," and fairly inferred that defendants either intentionally erased the drive or that the drive was destroyed as the result of gross negligence. Furthermore, since the drive was destroyed either intentionally or as the result of gross negligence, the court properly drew an inference as to the relevance of the e-mails stored on the drive (*see Sage Realty Corp. v Proskauer Rose*, 275 AD2d 11, 16-17 [2000]).

The court also properly exercised its discretion in limiting its sanction against defendants to an adverse inference charge (*see Metropolitan N.Y. Coordinating Council on Jewish Poverty v FGP Bush Term.*, 1 AD3d 168 [2003]; *Tommy Hilfiger, USA v Commonwealth Trucking*, 300 AD2d 58, 60 [2002]). Further-

more, we find the sanction to be proportionate as it did not permit the jury to infer that any e-mails on the drive would support plaintiff's claims, but only that any e-mails would not support defendants' defense or contradict plaintiff's claims.

There was no evidence presented regarding the hard drives of the other individual defendants, and plaintiff never sought to inspect them. Nor did defendants admit that they destroyed these other hard drives. Similarly, there was no evidence regarding the data on defendants' servers. Supreme Court thus correctly declined to grant a sanction regarding these drives.

The issue of employee lists containing descriptions of the duties of the employees in the Bookkeeping Department was properly deferred to trial. While there was some evidence that these lists were used in determining which employees would be terminated, there was no evidence regarding whether the lists were destroyed in the ordinary course of business or after defendants had received notice of plaintiff's claims. Therefore, there was insufficient information regarding these lists to warrant a sanction.

Supreme Court correctly granted defendants' motion for a protective order, since plaintiff's notice to admit regarding defendants' other hard drives "appears to be merely a subterfuge for obtaining further discovery" (*Hodes v City of New York*, 165 AD2d 168, 171 [1991]). Indeed, the notice to admit, served after plaintiff filed his note of issue and certificate of readiness, would not serve to exclude factual issues from trial, and would only raise new issues that should have been resolved during the six years of discovery in this matter. Significantly, plaintiff had the opportunity to obtain information about these other hard drives but chose to pursue discovery regarding only Bastante's hard drive.

Contrary to plaintiff's contention, he did not demonstrate any unusual or unanticipated circumstances that would warrant permitting him to conduct discovery following the filing of the note of issue and certificate of readiness (22 NYCRR 202.21 [d]; *see Schroeder v IESI NY Corp.*, 24 AD3d 180, 181-182 [2005]).

We have considered the parties' remaining contentions, and find them unavailing. Concur—Tom, J.P., Andrias, Sweeny, DeGrasse and Román, JJ.