■ SHAN PALAKAWONG, Plaintiff, v MARIE LALLI, Sued Herein as AJ LALLI, et al., Defendants. MARIE LALLI et al., Third-Party Plaintiffs-Appellants, v EDWIN PEREZ, Third-Party Defendant-Respondent. EDWIN PEREZ, Respondent, v A.J. LALLI et al., Appellants, et al., Defendant. [930 NYS2d 588]—

The Lallis may rely on evidence other than Perez's motorcycle to prove that they did not cause the motor vehicle accident, including the police accident report and their insurer's inspections of other vehicles involved in the accident. Thus, Supreme Court providently exercised its discretion in denying that part of the Lallis' motion seeking to dismiss Perez's action (*see Tommy Hilfiger, USA v Commonwealth Trucking*, 300 AD2d 58, 60 [2002]). However, a lesser sanction is warranted given Perez's intentional alteration of his motorcycle (*see Kugel v City of New York*, 60 AD3d 403 [2009]; *Rodriguez v 551 Realty LLC*, 35 AD3d 221 [2006]). Concur—Saxe, J.P., Friedman, Moskowitz, Freedman and Richter, JJ.