Order, Supreme Court, Bronx County (Lizbeth Gonzalez, J.), entered March 29, 2012, which denied defendants’ motion for summary judgment dismissing the complaint, and granted plaintiffs cross motion seeking, as a spoliation sanction, to strike defendants’ answer and to grant her partial summary judgment on the issue of liability, unanimously modified, on the law and the facts, to grant the cross motion only to the extent of reducing the spoliation sanction to an adverse inference charge at trial, and otherwise affirmed, without costs.
Defendants failed to make a prima facie showing of entitle *571 ment to summary judgment inasmuch as plaintiffs daughter’s deposition testimony, proffered by defendants, does not clearly establish that the assailants were “allowed into the building by another tenant,” thus failing to establish that defendants’ alleged security breaches were not a proximate cause of the assault on plaintiff (Burgos v Aqueduct Realty Corp., 92 NY2d 544, 550-551 [1998]).
Since defendants were “on notice of a credible probability that [they would] become involved in litigation” (VOOM HD Holdings LLC v EchoStar Satellite L.L.C., 93 AD3d 33, 43 [1st Dept 2012]), plaintiff demonstrated that defendants’ failure to take active steps to halt the process of automatically recording over 30- to 45-day-old surveillance video and to preserve it for litigation constituted spoliation of evidence (id. at 41, 45). However, spoliation of the video did not ‘‘leave [ ] [plaintiff] prejudicially bereft of appropriate means to confront a claim [or defense] with incisive evidence” (Kirkland v New York City Hous. Auth., 236 AD2d 170, 174 [1st Dept 1997] [internal quotation marks omitted]). At trial plaintiff may present testimony of the two deponents who viewed the video to establish that the assailants were not allowed into the building by a tenant (see Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d 639, 644-645 [1994]). Therefore, the motion court erred in striking defendants’ answer. Accordingly, the appropriate sanction is an adverse inference charge (see Ahroner v Israel Discount Bank of N.Y., 79 AD3d 481, 482-483 [1st Dept 2010]; Tommy Hilfiger, USA v Commonwealth Trucking, 300 AD2d 58, 60 [1st Dept 2002]). Concur—Gonzalez, P.J., Mazzarelli, Acosta and Román, JJ.