Order, Supreme Court, New York County (Milton A. Tingling, J.), entered September 7, 2011, which granted defendants’ motion to dismiss the complaint for spoliation of evidence, unanimously reversed, on the law, without costs, to reinstate plaintiff’s complaint and preclude plaintiff from entering the redacted video into evidence or eliciting testimony concerning its contents.
*472 Plaintiff, New York City Housing Authority (NYCHA), brought this action against defendants, Pro Quest Security, Inc. (Pro Quest) and its employee Kuuba Saba, seeking damages resulting from a fire that occurred in the cafeteria of a building located at 90 Church Street, in Manhattan. At the time of the fire, plaintiff leased seven floors in the building, including the 6th floor, which contained the employee cafeteria. Pro Quest was employed by the landlord of the building to provide 24-hour security.
On February 1, 2007, at around 4:00 a.m., a fire began in the cafeteria. The fire was extinguished shortly thereafter, and the fire marshal arrived by 9:00 a.m. to conduct an investigation. In the fire incident report, the fire marshal concluded that the fire began in the wastebasket in the cafeteria and that it “appeared to have [been] started by a careless discard of smoking materials” into the wastebasket. As part of the investigation, the fire marshal interviewed Saba, a security guard employed by Pro Quest, who was working the 12:00 a.m. to 8:00 a.m. shift. Saba stated that, although he was a smoker, he did not smoke in the cafeteria that day. The fire marshal marked the case as “closed NFA [not fully ascertained] accidental careless discard of smoking material.” Several hours after the fire, the wastebasket was disposed of by either the building management or its cleaning company, neither of which is a party to this action.
The day after the fire, Patrick O’Hagan, the director of security for NYCHA, reviewed the surveillance video of the 6th floor from around the time of the fire. O’Hagan edited the video footage, deleting camera views he considered unnecessary, because those portions of the video showed no one on the 6th floor at the relevant times. O’Hagan saved the images from several different cameras. The saved images showed three different men, one of whom O’Hagan asserts is Saba, walking around the 6th floor near the cafeteria between 2:38 and 4:59 a.m. the morning of the fire. Two weeks after the fire, O’Hagan gave this redacted video to the fire marshal.
In January 2008, NYCHA brought this action against defendants, seeking damages based on Saba’s alleged negligence in contributing to the fire and Pro Quest’s vicarious liability for Saba’s negligence. During discovery, defendants requested the wastebasket and an explanation for why portions of the surveillance video were missing. In an order dated December 29, 2009, the court ordered NYCHA to produce the unredacted video. When NYCHA failed to do so, defendants moved to dismiss the action pursuant to CPLR 3126, claiming spoilation of evidence. The trial court granted defendants’ motion and dismissed *473 NYCHA’s complaint, incorrectly concluding that NYCHA had willfully refused to comply with a court order. The video had actually been edited long before any court action began, and NYCHA did not have an unredacted copy when the December 29 order was issued.
As a threshold issue, NYCHA unconvincingly argues that no sanction is appropriate because litigation was not pending when the video was edited. For a spoliation sanction to be applicable, there need only be the “reasonable anticipation of litigation” (VOOM HD Holdings LLC v EchoStar Satellite L.L.C., 93 AD3d 33, 43 [1st Dept 2012] [internal quotation marks omitted]; see also Samaroo v Bogopa Serv. Corp., 106 AD3d 713 [2d Dept 2013]). The day after the fire, O’Hagan was already viewing and editing the video, identifying images he thought would be relevant to determine how the fire started. These actions indicate that NYCHA may have been contemplating litigation, or at least wanted to identify the culpable person, and therefore the records were destroyed with a “culpable state of mind” (Ahroner v Israel Discount Bank of N.Y., 79 AD3d 481, 482 [1st Dept 2010] [internal quotation marks omitted]; see Suazo v Linden Plaza Assoc., L.P., 102 AD3d 570, 571 [1st Dept 2013]). For the purposes of a spoliation sanction, “[a] culpable state of mind . . . includes ordinary negligence” (VOOM HD Holdings LLC, 93 AD3d at 45 [internal quotation marks omitted]; see Squitieri v City of New York, 248 AD2d 201, 203 [1st Dept 1998]).
Although NYCHA should be sanctioned for the destruction of portions of the surveillance video, the dismissal of the complaint was too harsh a remedy. Dismissing an action is “usually not warranted unless the evidence is crucial and the spoliator’s conduct evinces some higher degree of culpability” (Russo v BMW of N. Am., LLC, 82 AD3d 643, 644 [1st Dept 2011]). It is a “drastic sanction” and should only be done when a party has destroyed key evidence (Dauria v City of New York, 127 AD2d 459, 460 [1st Dept 1987]; see Sage Realty Corp. v Proskauer Rose, 275 AD2d 11, 16 [1st Dept 2000], lv dismissed 96 NY2d 937 [2001]).
The record does not support defendants’ contention that dismissal is required because the unredacted video is key evidence without which they will be “substantially prejudiced” (Sage Realty, 275 AD2d at 17; see Metropolitan N.Y. Coordinating Council on Jewish Poverty v FGP Bush Term., 1 AD3d 168 [1st Dept 2003]). There are no cameras located inside the cafeteria, and no portion of the saved or deleted film would show exactly how the fire started. Moreover, defendant Pro Quest is not without the means to defend itself, because it could depose the *474 people who were present in the building at the time of the fire, including Saba (see Shan Palakawong v Lalli, 88 AD3d 541, 542 [1st Dept 2011] [denying motion to dismiss because, although spoliation had occurred, there was other evidence available to the moving party]; see also Mendez v La Guacatala, Inc., 95 AD3d 1084, 1085 [2d Dept 2012]). As the security company, Pro Quest should have records of which employees were on duty at the time. Pro Quest also does not claim it has no access to information from other tenants whose employees or visitors might have entered the building during the critical period.
Nevertheless, some sanction is warranted because it is uncontested that O’Hagan purposefully deleted the video images, and it would be unfair to Pro Quest to allow NYCHA to use the inculpatory images without defendants having an opportunity to see all the camera views (see Palakawong, 88 AD3d at 541-542 [in an action arising from a motor vehicle accident, it was an appropriate sanction to preclude the defendant from presenting evidence of the condition of his motorcycle after the accident because he intentionally altered the motorcycle]). Defendants should not have to rely on NYCHA’s statement that the deleted views are irrelevant, but should have been given an opportunity to view those images for themselves. Because NYCHA deprived defendants of this opportunity, NYCHA should be precluded from entering the redacted video into evidence or having a witness testify to its contents (see Baldwin v Gerard Ave., LLC, 58 AD3d 484, 485 [1st Dept 2009] [sanction of preclusion was “appropriately tailored to restore balance” where the plaintiff was prejudiced by the defendant’s failure to produce records of repairs completed on the stairwell where the plaintiff was allegedly injured]; see also Kirkland, 236 AD2d at 173).
Finally, no sanction should be imposed for plaintiffs failure to produce the wastebasket. The destruction of the wastebasket cannot be attributed to any willful or negligent act on the part of NYCHA. Moreover, as neither party had the opportunity to examine the wastebasket prior to it being removed, both parties are equally prejudiced by its absence (see Foley v Consolidated Edison Co. of N.Y., Inc., 84 AD3d 476, 479 [1st Dept 2011]; Maliszewska v Potamkin N.Y. LP Mitsubishi Sterling, 281 AD2d 353 [1st Dept 2001]; Cruz v Foremost Mach. Corp., 6 AD3d 484 [2d Dept 2004]).
We have considered the parties’ remaining arguments and find them unavailing. Concur — Gonzalez, P.J., Tom, Sweeny, Renwick and Richter, JJ.