Harry Winston, Inc. v Eclipse Jewelry, Corp. (2023 NY Slip Op 01840)

Harry Winston, Inc. v Eclipse Jewelry, Corp.

2023 NY Slip Op 01840

Decided on April 06, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 06, 2023

Before: Renwick, A.P.J., Kapnick, Friedman, Moulton, Kennedy, JJ. 

Index No. 654888/17 Appeal No. 17656 Case No. 2021-04384 

[*1]Harry Winston, Inc., Plaintiff-Respondent,
v
Eclipse Jewelry, Corp., Defendant-Appellant.

Rosenfeld & Kaplan, LLP, New York (Tab K. Rosenfeld of counsel), for appellant.
Blank Rome LLP, New York (Craig M. Flanders of counsel), for responde

Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about November 22, 2021, which, to the extent appealed from, granted plaintiff's motion to strike the answer and dismiss the counterclaims as a sanction for spoliation, unanimously modified, on the law and the facts and as a matter of discretion, to deny the motion except to the extent of striking so much of the third counterclaim as concerns work in the process of being completed as of plaintiff's May 19, 2017 termination notice; striking so much of the eighth counterclaim as relates to any tools, molds, models, machinery, cutting shanks, and computer-aided design files that plaintiff allegedly failed to retrieve and pay for; and precluding defendant from relying on the texts that defendant's principal Vatche Aghjayan saved from his old cell phone, and otherwise affirmed, without costs.
Supreme Court has broad discretion to determine a sanction for the spoliation of evidence (Pegasus Aviation I, Inc. v Varig Logistics S.A., 26 NY3d 543, 551 [2015]). In order to obtain sanctions for spoliation, a party must establish that the nonmoving party had an obligation to preserve the item in question, that the item was destroyed with a "culpable state of mind," and that the destroyed item was relevant to the party's claim or defense (VOOM HD Holdings LLC v EchoStar Satellite LLC, 93 AD3d 33, 45 [1st Dept 2012]). "A 'culpable state of mind' for purposes of a spoliation sanction includes ordinary negligence" (id.). Even when a party is entitled to sanctions for spoliation, striking a pleading is a drastic sanction in the absence of willful or contumacious conduct and, in order to impose such a sanction, the court should consider the prejudice that resulted from the spoliation to determine whether such drastic relief is necessary as a matter of fundamental fairness. Where the moving party has not been deprived of the ability to establish its case or defense, a less severe sanction is appropriate (see Melcher v Apollo Med. Fund Mgt. L.L.C., 105 AD3d 15, 23-24 [1st Dept 2013]).
Preliminarily, Supreme Court should not have stricken the answer based on defendant's failure to produce nonparties Keren Aghjayan and Derek Ruiz for depositions, since by the date set forth on the deposition notice and subpoena compelling their depositions, defendant was no longer in control of either witness (see Lee v 13th St. Entertainment LLC, 161 AD3d 631, 632 [1st Dept 2018]). However, spoliation sanctions were warranted for evidence that was lost or destroyed.
Defendant should have reasonably anticipated litigation by June 23, 2017 at the latest. Therefore, when evidence was discarded or destroyed at the end of 2017 or the beginning of 2018, defendant already had an obligation to preserve it (see Pegasus Aviation I, 26 NY3d at 547; VOOM, 93 AD3d at 36). Still, defendant failed to institute any litigation hold and failed to ensure that records on the cell phone belonging to Aghjayan, defendant's principal [*2]and a key player in the events underlying the litigation, were preserved.
Nevertheless, the drastic remedy of striking the entire answer and all the counterclaims was not warranted (see Russo v BMW of N. Am., LLC, 82 AD3d 643, 644 [1st Dept 2011]["[S]triking a pleading is usually not warranted unless the evidence is crucial and the spoliator's conduct evinces some higher degree of culpability]; Rossi v Doka USA, Ltd., 181 AD3d 523, 526 [1st Dept 2020]). Here, plaintiff failed to establish that the unavailability of the lost and destroyed evidence prejudiced it and left it unable to prosecute its action. Indeed, plaintiff argued only that its ability to defend the counterclaims was compromised. Therefore, the appropriate sanction under the circumstances should have been directed solely to the counterclaims.
Plaintiff established that defendant's spoliation compromised its ability to defend portions of two counterclaims, and they therefore are stricken. For the third counterclaim (breach of contract), plaintiff is prejudiced by the missing records regarding the jewelry allegedly in the process of being completed when defendant received plaintiff's termination notice on May 19, 2017, as the absence of those records will render plaintiff unable to definitely disprove any evidence of defendant's actual costs in performing the work. For the eighth counterclaim (unjust enrichment), the items for which defendant seeks to recover damages are missing and have purportedly been discarded or destroyed, and as a result, plaintiff's expert can no longer give a proper estimate of their worth.
Finally, because Aghjayan's selective preservation and concealment of a text from his old phone "evinces a higher degree of culpability than mere negligence" (Harry Weiss, Inc. v Moskowitz, 106 AD3d 668, 669 [1st Dept 2013]), defendant is precluded from introducing the text in evidence (see id. at 669-670; Shan Palakawong v Lalli, 88 AD3d 541, 542 [1st Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 6, 2023