Storm v Kaleida Health (2024 NY Slip Op 03964)

Storm v Kaleida Health

2024 NY Slip Op 03964

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., OGDEN, GREENWOOD, AND KEANE, JJ.

438 CA 23-00402

[*1]JOYCE STORM, AS POWER OF ATTORNEY FOR PAUL JANKOWSKI, PLAINTIFF-RESPONDENT,
v
KALEIDA HEALTH, DOING BUSINESS AS BUFFALO GENERAL HOSPITAL, DEFENDANT-RESPONDENT, WILLIAMSVILLE SUBURBAN, LLC, LEGACY HEALTH CARE, LLC, GOLDEN LIVING CENTERS, LLC, SAFIRE CARE, LLC, SAFIRE REHABILITATION OF AMHERST, LLC, W. RICHARD ZACHER, LAURA OTTERBEIN, WENDY SCHMIDT, SOLOMON ABRAMCZYK, JUDY LANDA, ARYEH RICHARD PLATSCHEK, ROBERT SCHUCK AND MOSHE STEINBERG, DEFENDANTS-APPELLANTS. 

CAITLIN ROBIN & ASSOCIATES, PLLC, NEW YORK CITY (CAITLIN A. ROBIN OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
ROACH, BROWN, MCCARTHY & GRUBER, P.C., BUFFALO (KAYLA A. HUGHES OF COUNSEL), FOR DEFENDANT-RESPONDENT.

 Appeal from an order of the Supreme Court, Erie County (John B. Licata, J.), entered February 2, 2023. The order granted the motion of defendant Kaleida Health, doing business as Buffalo General Hospital, to sanction defendants Williamsville Suburban, LLC, Legacy Health Care, LLC, Golden Living Centers, LLC, Safire Care, LLC, Safire Rehabilitation of Amherst, LLC, W. Richard Zacher, Laura Otterbein, Wendy Schmidt, Solomon Abramczyk, Judy Landa, Aryeh Richard Platschek, Robert Schuck and Moshe Steinberg, with an adverse inference charge for spoliation of evidence. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced two actions that subsequently were consolidated, seeking damages for injuries sustained by Paul Jankowski. During the course of discovery, defendant Kaleida Health, doing business as Buffalo General Hospital (Kaleida), sought Jankowski's records from Sheridan Manor, a nonparty facility where Jankowski resided and received care during the relevant time period of his injuries. When counsel for defendants-appellants (Safire Care defendants) informed Kaleida that the records had been destroyed, Kaleida moved for an order pursuant to CPLR 3126 sanctioning the Safire Care defendants by directing that an adverse inference charge be used against them at trial. Supreme Court granted the motion, and the Safire Care defendants appeal. We affirm.
"The party seeking sanctions for spoliation of evidence has the burden of showing 'that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense' " (Page v Niagara Falls Mem. Med. Ctr., 167 AD3d 1428, 1430 [4th Dept 2018], quoting Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547 [2015]). "Spoliation sanctions may be appropriate even if the destruction occurred through negligence rather than willfulness" (Enstrom v Garden Place Hotel, 27 AD3d 1084, 1086 [4th Dept 2006] [internal quotation marks omitted]; see Ahroner v Israel Discount [*2]Bank of N.Y., 79 AD3d 481, 482 [1st Dept 2010]). Spoliation sanctions may be imposed upon a party even though that party did not own or control the evidence that was destroyed, so long as the party "had an opportunity to safeguard [the] evidence but failed to do so" (Ortega v City of New York, 9 NY3d 69, 76 n 2 [2007]; see Standard Fire Ins. Co. v Federal Pac. Elec. Co., 14 AD3d 213, 219-220 [1st Dept 2004]; Amaris v Sharp Elecs. Corp., 304 AD2d 457, 457-458 [1st Dept 2003], lv denied 1 NY3d 507 [2004]). "The court has broad discretion in determining what, if any, sanction should be imposed for spoliation of evidence" (Iannucci v Rose, 8 AD3d 437, 438 [2d Dept 2004]; see Mahiques v County of Niagara, 137 AD3d 1649, 1650 [4th Dept 2016]).
We conclude that Kaleida met its burden on the motion and that the court did not abuse its discretion in directing that an adverse inference against the Safire Care defendants be charged to the jury at trial. Contrary to the contention raised by the Safire Care defendants, they had the opportunity to safeguard Jankowski's records from Sheridan Manor at the commencement of the suit against them in August 2016 (see Ortega, 9 NY3d at 76 n 2; Amaris, 304 AD2d at 457-458). Under the circumstances of this case, an adverse inference charge against the Safire Care defendants is an appropriate sanction for the negligent spoliation of the evidence (see Enstrom, 27 AD3d at 1087).
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court