Coney Is. Auto Holdings, Corp. v Parts Auth., LLC (2024 NY Slip Op 04900)

Coney Is. Auto Holdings, Corp. v Parts Auth., LLC

2024 NY Slip Op 04900

Decided on October 08, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 08, 2024

Before: Manzanet-Daniels, J.P., Singh, Mendez, Rosado, O'Neill Levy, JJ. 

Index No. 656816/22 Appeal No. 2764 Case No. 2024-00255 

[*1]Coney Island Auto Holdings, Corp., Plaintiff-Appellant,
v
Parts Authority, LLC, Defendant-Respondent.

Abrams Fensterman, LLP, White Plains (Robert A. Spolzino of counsel), for appellant.
Kane Kessler, P.C., New York (Daniel Gimmel of counsel), for respondent.

Order, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about December 8, 2023, which, to the extent appealed from, granted in part defendant's motion to sanction plaintiff for spoliation of evidence to the extent of allowing an adverse inference at trial, unanimously affirmed, without costs.
On a motion for spoliation sanctions involving the destruction of electronic evidence, the party seeking sanctions must establish that (1) the party with control over the evidence had an obligation to preserve it at the time it was destroyed; (2) the records were destroyed with a "culpable state of mind," and (3) the destroyed evidence was "relevant" to the moving party's claim or defense (Zubulake v UBS Warburg LLC, 220 FRD 212, 220 [SD NY 2003]).
Supreme Court providently exercised its discretion in imposing sanctions against plaintiff on the grounds that plaintiff's majority shareholder had deliberately deleted relevant emails. At a hearing, defendant showed that the shareholder had deleted the emails after June 7, 2022, the date on which plaintiff had sent a prelitigation notice of default and demand for payment, threatening imminent litigation (see RCSUS Inc. v SGM Socher, Inc., 214 AD3d 488, 488 [1st Dept 2023]; Ahroner v Israel Discount Bank of N.Y., 79 AD3d 481, 482-483 [1st Dept 2010]). The evidence at the hearing further showed that the emails were "hard deleted" — that is, permanently removed from the hard drive by taking affirmative steps to delete them from the deleted items folder or recycle bin — and this evidence was sufficient to demonstrate that the emails were deleted deliberately.
We reject plaintiff's contention that in deciding the motion, the court wrongly employed a preponderance of the evidence standard rather than a clear and convincing evidence standard. In fact, the court expressly found that defendant showed by clear and convincing evidence that plaintiff's majority shareholder intentionally deleted emails after June 7, 2022, the date on which he had an obligation to preserve them. Furthermore, because the evidence presented at the hearing showed that the emails were intentionally destroyed after the duty to preserve them arose, the relevance of the destroyed emails is presumed (see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547 [2015]; VOOM HD Holdings LLC v EchoStar Satellite, L.L.C., 93 AD3d 33, 45 [1st Dept 2012]).
We also reject plaintiff's argument that the sanction of an adverse inference was too severe because, given the totality of the evidence available to defendants, they did not suffer any prejudice from deletion of the emails. On the contrary, in light of the fact that the deleted emails would have been relevant to the defense of plaintiff's claims, and that the majority shareholder deliberately hard deleted more than 1,250 emails, the relief that the court fashioned was appropriate under the circumstances (VOOM HD Holdings, 93 AD3d at 47).
Despite plaintiff's position otherwise[*2], Supreme Court properly held a hearing rather than deferring the spoliation issue until trial. Given the fact that the parties sharply disputed whether the emails had been deliberately deleted, the court acted well within its discretion by holding a hearing at which both sides' experts were permitted to testify (see Brandsway Hospitality, LLC v Delshah Capital LLC, 173 AD3d 457, 458 [1st Dept 2019]).
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 8, 2024