■ ANDROME LEATHER COMPANY, INC., Respondent, v CONSOLIDATED COLOR COMPANY, a Division of LLOYD LABORATORIES, INC., Appellant.—Harvey, J. Appeals (1) from a judgment of the Supreme Court (Best, J.), entered February 26, 1990 in Fulton County, upon a verdict rendered in favor of plaintiff, and (2) from an order of said court, entered March 5, 1990 in Fulton County, which denied defendant's motion to set aside the verdict.

Plaintiff, a contract leather finisher, commenced this action against defendant, a manufacturer and seller of chemicals for the leather finishing business. The basis for this suit was the fact that, from June 1982 to July 1984, defendant sold plaintiff hundreds of gallons of a water emulsion slip, which is a substance added to another substance and then sprayed onto the leather during the finishing process to provide a certain texture and to eliminate stickiness or "tackiness". Sometime during the spring of 1984, plaintiff received complaints of tackiness from customers and numerous leather jackets were returned to plaintiff. According to plaintiff, it was required to rework thousands of these jackets and was also billed by customers for a percentage of their cost of fixing the leather themselves. Further, plaintiff lost the business of specified companies, apparently as a result of this problem. At trial, Supreme Court instructed the jury on three theories of recovery: negligence, breach of an express warranty and breach of an implied warranty. The jury found in favor of plaintiff on these claims and awarded $300,000 in damages. This amount included awards for lost profits, refund of the purchase price of the slip, money spent in mitigation of damages, as well as compensation for funds expended by plaintiff in repairing and shipping defective garments. Defendant now appeals.

Initially, we disagree with defendant's contention that the jury verdict was unsupported by the evidence because plaintiff allegedly failed to prove that the defects in the leather garments were actually caused by defendant's slip and not some other source. For negligence and warranty liability to be imposed, a plaintiff "must prove cause in fact and proximate

causation on the part of a specific defendant" (1 White and Summers, Uniform Commercial Code § 9-1, at 436 [3d ed]). A jury's specific finding of proximate cause should not be overturned unless " ' "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury on the basis of the evidence presented at trial" ' " *(S.A.B. Enters. v Village of Athens,* 164 AD2d 558, 562, quoting *Dominguez v Manhattan & Bronx Surface Tr. Operating Auth.,* 46 NY2d 528, 532).

Applying these principles to this case, and viewing the evidence in the light most favorable to plaintiff, the prevailing party at trial *(see, Martinez v Camardella,* 161 AD2d 1107, 1108), it is our view that the evidence presented at trial supports a rational inference that the tackiness was caused by defendant's product. For instance, plaintiff's superintendent testified that there had been no problems with tackiness until defendant's slip was used. When plaintiff ceased using defendant's slip and resumed using the slip it had formerly used, there were no further problems with tackiness. Plaintiff's president echoed this testimony. Although both plaintiff and defendant offered contradictory test results and expert opinion concerning the issue of whether the tackiness was caused by defendant's slip, resolution of this conflict was within the jury's province to solve and we find its resolution in plaintiff's favor to be supported by the evidence *(see, Holbrook v Jamesway Corp.,* 172 AD2d 910; *Century 21 A.L.P. Realty v Doller,* 170 AD2d 941). To the extent that some of plaintiff's proof was circumstantial rather than direct evidence of causation, we find no impropriety. Because "there was no other *reasonable* hypothesis established in the record" *(S.A.B. Enters. v Village of Athens, supra* at 563 [emphasis in original]) aside from plaintiff's theory, the proof was sufficient, especially since plaintiff was not required to "refute remote possibilities" *(Bernstein v City of New York,* 69 NY2d 1020, 1022).

Given the above and other facts as demonstrated by the testimony at trial and the inferences reasonably drawn therefrom, we hold that the evidence sufficiently supported the jury's finding of causation.* The remaining arguments raised

---

* Although plaintiff's claim centers on the element of causation, it should be noted that testimony by defendant's president, that defendant bought the slip designed to be used "strictly" for thread finish and sold it to plaintiff without adequately testing it, supported the jury's finding of negligence. Further, there was testimony that defendant's employee sold the slip representing it "as good or better" than the one plaintiff was using and that plaintiff relied on those representations, as is apparently customarily done

by defendant have been examined and found to be unpersuasive. Although defendant takes strong issue with the amount and propriety of the damage awards assessed by the jury, we note that the jury could reasonably infer the damages and the amounts awarded from the evidence presented by plaintiff. As there is evidence to support the jury's findings, and the amounts do not deviate materially from what would be reasonable compensation *(see, Robillard v Robbins,* 168 AD2d 803), we decline to disturb its judgment and substitute other findings.

Judgment and order affirmed, with costs. Mahoney, P. J., Casey, Weiss, Yesawich, Jr. and Harvey, JJ., concur.

---

in the business by finishers purchasing chemicals from the manufacturers. This testimony supports the jury's finding of breach of implied and express warranties.