■ Elizabeth M. Treston, Appellant, v Thomas Allegretta et al., Defendants, and Union Carbide Corp. et al., Respondents. (And Three Other Actions.)—Order, Supreme Court, New York County (Beverly S. Cohen, J.), entered December 24, 1990, which granted the motions of defendants Union Carbide Corp. and Stauffer Chemical Corp. for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs or disbursements, and the motions denied.

Shortly before 5:00 A.M. on September 3, 1979, the then nineteen-year old plaintiff left her room at the Allegretta Motel in Hampton Bays, Long Island, to join friends at a swimming party already in progress at the motel's pool. She walked over to the end of the pool where the diving board was located and, mistakenly believing that the water was deep

enough for diving, removed her eyeglasses and dove into the pool towards the diving board. Unfortunately, this area of the pool was too shallow for diving and plaintiff's head struck the bottom of the pool, causing spinal injuries which rendered her a quadriplegic.

Prior to this accident plaintiff had never been in the motel's pool, and she testified that her visual observations led her to believe that the water was deep enough for diving. Plaintiff claims, *inter alia,* that the vinyl was unfit for use as a pool liner and was the cause of her accident because its blue color created a false illusion of depth. She claims that the pool should have had a white liner.

This case is a consolidation of the 1981 and 1982 lawsuits that plaintiff brought against numerous defendants, including the motel and the various parties involved in the manufacture, sale, and installation of the pool. Among these defendants are the manufacturer of the pool liner (Dover) and two of the four suppliers (Stauffer and Union Carbide) of the blue vinyl it used. The other two vinyl suppliers (Formosa Plastics and Harte & Co.) are not joined as parties due to an apparent insufficiency of evidence to show that either of them manufactured the vinyl used in the pool liner in question. The pool liner was destroyed several years after the accident and is not available for purposes of identifying the manufacturer.

The issue on appeal is whether the IAS court properly granted summary judgment to Union Carbide and Stauffer, both of which successfully argued that plaintiff, as a matter of law, failed to meet her burden of proof in identifying the vinyl as theirs. The IAS court found an insufficiency of "documentary or other proof presented in the context of this application" on the issue of product identification. Since we believe that plaintiff presented sufficient circumstantial evidence to warrant submission of the issue of whether Stauffer or Union Carbide supplied the vinyl in question to the trier of the facts, we reverse.

"The fact that the product has been destroyed does not by itself mean an end to the plaintiffs' action. While the best and most conclusive proof is the product itself, both the existence of a product defect as well as the identity of the manufacturer of the product are issues of fact capable of proof by circumstantial evidence" *(Otis v Bausch & Lomb,* 143 AD2d 649, 650). In the instant case, the trier of the facts, through circumstantial evidence and by the process of elimination, could identify either Union Carbide or Stauffer as the vinyl manufacturer. The record shows that Dover bought vinyl from

only four companies, Union Carbide, Stauffer, Formosa and Harte. Liners made with the Formosa vinyl were logged in Dover's records with a special Taiwan designation, which was clearly absent from Dover's records of the liner in question. In addition, Dover's president, Mr. Stern, testified that, to the best of his knowledge, based on his personal recollection, Dover did not purchase any plain blue vinyl from Harte of the type used in the liner involved herein. Thus, there is evidence from which a fact finder could determine that neither Formosa nor Harte manufactured the vinyl in question. Until March 1976, when Union Carbide began the process of discontinuing its vinyl fabrication business, 95% of the vinyl came from Union Carbide. The liner in question was manufactured on May 20, 1976. During the period between March 19, 1976 and May 20, 1976, Union Carbide sold only $420 worth of vinyl to Dover, 1.2% of all the vinyl Dover purchased. In that same period, Stauffer and Formosa supplied a total of $32,727 worth of vinyl material to Dover. Stern testified that, based on his and his bookkeeper's reconstruction efforts, he initially determined that Union Carbide supplied the vinyl used in the motel's pool. While this conclusion was somewhat undermined in his subsequent deposition testimony, it still stands as competent and relevant evidence, from which a fact finder could conclude that Union Carbide was the supplier of the vinyl in question. Our function is issue finding, not issue resolution. *(Amatulli v Delhi Constr. Corp.,* 77 NY2d 525, 531-532.) Of course, if it is found that Union Carbide was not the supplier, then Stauffer could be found to have been such by a process of elimination, since the evidence makes it unlikely that either Formosa or Harte supplied it.

Since, on this record, Union Carbide and Stauffer failed to demonstrate, as a matter of law, that they did not supply the vinyl, said defendants' motions for summary judgment should be denied. Concur—Sullivan, J. P., Kupferman, Ross and Smith, JJ.