■ GLENN RAYMOND et al., Respondents, v LEONARD DISTEFANO et al., Respondents, and BELLEVUE BUILDERS SUPPLY, INC., et al., Appellants. (And a Third-Party Action.) [634 NYS2d 564] —White, J. Appeal from an order of the Supreme Court (Keniry, J.), entered August 11, 1994 in Schenectady County, which, *inter alia*, partially denied motions by defendants Bellevue Builders Supply, Inc. and Dunn Builders Supply Corporation for summary judgment dismissing the complaint against them.

This personal injury action arises out of a construction site accident which took place on December 22, 1988 in the Town of Catskill, Greene County. Plaintiff Glen Raymond (hereinafter plaintiff), a laborer and employee of third-party defendant Regal Associates, Inc., fell between 18 and 20 feet when a 2 feet by 10 feet piece of dimensional lumber on which he was standing that was purportedly being used as temporary scaffolding over an open stairwell allegedly split. Plaintiff and his wife then commenced this action against, among others, defendant Bellevue Builders Supply, Inc. and defendant Dunn Builders Supply Corporation, the suppliers of lumber for the project, alleging several causes of action including negligence, breach of warranty, strict products liability and Labor Law violations. It is undisputed that both Bellevue and Dunn (hereinafter collectively referred to as defendants) supplied and delivered a quantity of 2 feet by 10 feet lumber planks to the construction

site shortly before plaintiff's accident took place. Following joinder of issue, defendants moved for summary judgment arguing, *inter alia,* that it was impossible to tell which of the two supplied the plank that caused plaintiff's fall and, therefore, plaintiff's claims alleging breach of warranty and strict products liability should be dismissed. Finding triable issues of fact with respect to these claims, Supreme Court denied that aspect of defendants' motions and this appeal by defendants ensued.

We affirm. While defendants contend that the breach of warranty and strict products liability claims should be dismissed in light of plaintiff's inability to positively identify the supplier of the plank of lumber involved in the accident, Supreme Court correctly ruled that the manufacturer or supplier of an allegedly defective product is an issue of fact capable of proof by circumstantial evidence (*see, Abar v Freightliner Corp.,* 208 AD2d 999, 1000; *Treston v Allegretta,* 181 AD2d 470, 471; *Androme Leather Co. v Consolidated Color Co.,* 173 AD2d 996, 997). Since we find that plaintiff presented sufficient circumstantial evidence to present the issue of whether Bellevue or Dunn supplied the plank in question to the trier of fact (*see, Treston v Allegretta, supra,* at 471), we conclude that affirmance of Supreme Court's order is required.

Mikoll, J. P., Casey, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.