■ NEIL SQUITIERI et al., Respondents, v CITY OF NEW YORK, Respondent and Third-Party Plaintiff-Respondent. ELGIN, Subsidiary of FEDERAL SIGNAL CORP., Third-Party Defendant-Appellant. (And a Second Third-Party Action.) [669 NYS2d 589] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered on or about April 28, 1997, denying third-party defendant Elgin's motion for summary judgment dismissing the City's third-party complaint, unanimously reversed, on the law, without costs, the motion granted, and the third-party complaint dismissed. The Clerk is directed to enter judgment in favor of third-party defendant-appellant Elgin dismissing the third-party complaint.

Plaintiff Neil Squitieri is a city sanitation worker who was operating a street sweeper on the morning of January 27, 1984, when the cab filled with carbon monoxide fumes. The sweeper in question had been manufactured by third-party defendant Elgin and purchased by the City in 1979, through third-party defendant Burke, a distributor. The fumes rendered Squitieri unconscious until his co-workers found him and removed him several hours later. The carbon monoxide poisoning allegedly left him with serious chronic physical and psychological injuries for which he continues to undergo hospitalization and outpatient treatment.

On January 30, 1984, in an internal memo headed "For Litigation Purposes Only," the Department of Sanitation's safety officer informed the director of safety and training that the sweeper had undergone a carbon monoxide test and been found defective. The writer of the memo recommended that the sweeper be kept out of service until it was repaired.

Plaintiff commenced an action against the City in March 1985, alleging negligent maintenance and repair of the sweeper, and the City filed its answer. Yet in September 1985, though knowing that the sweeper was the subject of pending litigation against it, the City disposed of the sweeper, along with five others made by Elgin and six made by a different manufacturer.

The City then waited until 1993 to bring a third-party action against Burke, the distributor from whom it had bought the sweeper (not a party to this appeal) and only impleaded Elgin, the manufacturer, in 1994. As relevant to this appeal, the third-party complaint alleged that the sweeper had been defectively designed, and that this design defect, rather than the maintenance efforts of the Department of Sanitation, had caused the cab to fill with carbon monoxide.

Elgin and Burke then sought summary judgment dismissing the City's complaint, on the grounds that the City's spoliation of the evidence had severely impaired their ability to present a defense. The motion court denied the motion and cross-motion without prejudice to renewal at trial, stating that the motions were premature in light of outstanding discovery yet to be provided by third-party defendants. The court also found that dismissal was too severe a remedy because the sweeper was not essential to the action: a plaintiff may prove a design defect even in the absence of the product, based on design and specification documents exclusively in the manufacturer's possession.

Elgin now appeals from this order. For the following reasons, we reverse the order and dismiss the third-party complaint.

When a party alters, loses or destroys key evidence before it can be examined by the other party's expert, the court should dismiss the pleadings of the party responsible for the spoliation (*Mudge, Rose, Guthrie, Alexander & Ferdon v Penguin Air Conditioning Corp.*, 221 AD2d 243 [dismissing plaintiff's claim due to its "negligent loss of a key piece of evidence which defendants never had an opportunity to examine"]), or, at the very least, preclude that party from offering evidence as to the destroyed product (*Strelov v Hertz Corp.*, 171 AD2d 420, 421 [defendant precluded from presenting any evidence in defense

of suit based on allegedly defective rental car, except as to the parts of the car that defendant had not destroyed]).

Spoliation sanctions such as those described above are not limited to cases where the evidence was destroyed willfully or in bad faith, since a party's negligent loss of evidence can be just as fatal to the other party's ability to present a defense (*Mudge, Rose, Guthrie, Alexander & Ferdon v Perguin Air Conditioning Corp., supra*). In *Kirkland v New York City Hous. Auth.* (236 AD2d 170, 174-175), we noted that numerous State and Federal courts "have found dismissal warranted when discovery orders were not violated, and even when the evidence was destroyed prior to the action being filed * * * notwithstanding that the destruction was not malicious * * * or in bad faith" (citations omitted).

In *Kirkland*, plaintiffs, who were family members of the deceased tenant, sued the New York City Housing Authority (NYCHA), which owned and operated her apartment building, and the manufacturer of a stove. They alleged that a defective stove had caused the fatal fire. Plaintiffs inspected the stove in connection with the action, but NYCHA never did. Six years after the main action was commenced, NYCHA began a third-party action against Vitanza, the company that had installed many of the stoves in the building, alleging defective installation. However, NYCHA had already removed the allegedly defective stove at the tenants' request, and destroyed it, leaving Vitanza no way to examine it (*supra,* at 172-173).

We dismissed NYCHA's third-party complaint against Vitanza because the third-party plaintiff had not taken any steps to ensure preservation of the evidence on which its complaint was based. "[S]ince no act or omission of the [third-party defendant] was involved in loss of the evidence and its unavailability for critical examination and analysis, the spoliation was inexcusable to the extent that it prejudiced that party and dismissal was warranted" (*supra,* at 175).

However, we suggested in *Kirkland* that, in an action based on a theory of design defect, dismissal might not always be appropriate because "the design possibly might be evaluated and the defect proved circumstantially" (*supra,* at 175). The City herein relies on cases such as *Treston v Allegretta* (181 AD2d 470, 471) and *Otis v Bausch & Lomb* (143 AD2d 649, 650) for this proposition.

Even if we assumed that Elgin possessed documents showing that its 1979 sweepers had a tendency towards carbon monoxide buildup malfunctions, the absence of the sweeper would prevent Elgin from countering the design defect claim

with evidence that the City's misuse, alteration, or poor maintenance of this particular sweeper was a proximate cause of Squitieri's injuries. By contrast, in *Treston (supra)* and *Otis (supra)*, the physical characteristics of the particular product were not central to the defense because the issue was which manufacturer had made it. In light of this extreme prejudice to Elgin's case, dismissal of the third-party complaint is appropriate (*Interested Underwriters at Lloyds v Rheem Mfg. Co.*, NYLJ, May 12, 1994, at 28, col 4).

Plaintiffs have opposed dismissal solely because once Elgin is no longer a party, it will not have to comply with the outstanding discovery order, on which plaintiffs were relying for the disclosure of documents that might help their case against the City. This consideration does not warrant a different result. Though it may be slightly more burdensome than simply serving a discovery notice on a party, plaintiffs can still follow the procedure outlined in CPLR 3120 (b) for obtaining documents from a non-party. Concur—Rosenberger, J. P., Ellerin, Wallach and Rubin, JJ.