■ JACQUELINE ADRIAN et al., Appellants, v GOOD NEIGHBOR APARTMENT ASSOCIATES et al., Respondents. [717 NYS2d 99] —Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered June 24, 1999, which denied plaintiff's motion for spoliation sanctions, unanimously reversed, on the law, without costs, the motion granted, and defendants' proof of abatement precluded on the issue of lead paint on the radiators.

In 1996 plaintiff's four infant children were diagnosed with lead poisoning, one of them registering a blood level as high as 24 micrograms of lead per deciliter. The New York City Health Department inspected plaintiff's apartment, owned and managed by defendants, and determined that surfaces on three radiators were coated with lead-based paint containing at least 0.7 milligrams of lead per square centimeter, which was in violation of the City Health Code (24 RCNY 173.13 [d]). The landlord was formally notified of this finding in a nuisance abatement order in November 1996. Defendants contested this finding, hiring their own inspector who determined that the

lead levels on the radiator covers in question were in fact within the accepted norms of the Health Department. As a result, the Health Department rescinded its abatement order, but directed defendants to repaint all the surfaces in question. This was promptly done, but not before plaintiff and her family terminated the tenancy and vacated the premises. Four months later, in March 1997, plaintiff commenced this action for personal injury to her children by reason of lead poisoning. During defendants' deposition in July 1998, plaintiff sought production of the radiator covers so that she might conduct her own independent examination. Defendants responded that the covers could not be located, and concluded that they must have been discarded when they were replaced. Plaintiff thereupon moved for sanctions for spoliation of key evidence. The motion was denied on the ground that defendants were under no duty to preserve such physical evidence, having neither promised to do so nor received any notice of plaintiff's intent to commence litigation at the time the covers were evidently discarded.

Even without intentional destruction, a party's negligent loss of evidence can be just as fatal to an adversary's ability to present a case (*Squitieri v City of New York*, 248 AD2d 201, 202-203). The fact that children in the premises had been diagnosed with lead poisoning, and that an abatement order was lifted only after a second inspection was conducted, should have been enough of an indication for defendants to preserve this physical evidence for a reasonable period of time. Accordingly, defendants should be precluded from offering their exonerating evidence in response to the City's abatement order. Concur—Williams, J. P., Mazzarelli, Ellerin, Wallach and Saxe, JJ.