■ GREATER NEW YORK MUTUAL INSURANCE COMPANY, as Subrogee of HENRY KIBEL, Doing Business as HKAL 34TH STREET, LLC, Respondent, v DAISY CURBEON, Also Known as DAISY CURBEAN, Appellant. [752 NYS2d 638] —Order, Supreme Court, New York County (Marylin Diamond, J.), entered on or about April 22, 2002, which denied defendant's motion to dismiss the complaint, affirmed, without costs.

Defendant's motion to dismiss the complaint as a sanction for spoliation of evidence was properly denied. Plaintiff's subrogor, the landlord of the affected premises, acted in good faith and pursuant to orders of the Buildings Department, as well as defendant's written consent, in removing the remains of the fire from the subject apartment, after allowing defendant, the apartment's tenant at the time of the fire, unfettered access to the apartment for one month to view and inspect the evidence (cf. Sage Realty Corp. v Proskauer Rose, 275 AD2d 11, 17). Defendant made no showing that the landlord was on notice that she intended to commence litigation at the time she requested access to the apartment with an expert engineer or that the landlord discarded evidence in bad faith (see Conderman v Rochester Gas & Elec. Corp., 262 AD2d 1068). We note as well that, prior to the landlord's demolition of the fire-damaged apartment, the apartment was inspected by defendant, and by the Fire Department and Department of Build-

ings, both of which impartial municipal agencies issued reports respecting the causes of the fire. Defendant, thus, has not by reason of the landlord's actions been disabled from defending against plaintiff's claim that the fire was attributable to her negligence (*cf. Squitieri v City of New York*, 248 AD2d 201). Concur—Tom, J.P., Saxe, Rubin and Friedman, JJ.

Andrias, J., dissents in a memorandum as follows: I would modify to the extent of denying defendant's motion with leave to renew upon completion of discovery.

It appears that plaintiff's subrogor, the landlord of the affected premises, acted in good faith and pursuant to orders of the Buildings Department, as well as defendant's written consent, in removing the remains of the fire from the subject apartment, after allowing defendant, the apartment's tenant at the time of the fire, unfettered access to the apartment for one month to view and inspect the evidence (*cf. Sage Realty Corp. v Proskauer Rose*, 275 AD2d 11, 17).

Nevertheless, bad faith or willfulness in the spoliation of evidence are not the only criteria for imposing sanctions, in this case the ultimate sanction of dismissal. Depending on the circumstances of each particular case, the mere destruction of the evidence in question, intentionally, negligently or otherwise, can be inexcusable to the extent that it prejudices a party (*see generally Kirkland v New York City Hous. Auth.*, 236 AD2d 170, 173-175; *see also Squitieri v City of New York*, 248 AD2d 201, 203 ["a party's negligent loss of evidence can be just as fatal to the other party's ability to present a defense"]). Here, where there are conflicting reports from the Fire Department (fire caused by "juvenile" factors categorized under "Ignition" and "children with matches and lighters") and the Buildings Department (fire caused by "faulty wiring that contributed to short circuiting at the new sub-panels that were illegally installed without New York City Dept. of Buildings approval"; landlord ordered to "remove this violation immediately"), it was improvident, to say the least, for the landlord, at a time when defendant's apartment had already been padlocked but had not yet been stripped of its contents, to deny the written request of defendant's attorney, made one month after the subject fire, that defendant be given access to the apartment so that an engineer of her choice could conduct an inspection. Under the circumstances, I am unable to determine on the present record the extent to which defendant was prejudiced by the landlord's destruction of evidence or the appropriate sanction, if any, to be imposed, "as 'a matter of elementary fairness'" (*Kirkland, supra* at 175, quoting *Healey v Firestone*

*Tire & Rubber Co.*, 212 AD2d 351, 352, *revd on other grounds* 87 NY2d 596; *see also Squitieri, supra*).