■ 430 Park Avenue Company, Appellant, v Bank of Montreal et al., Respondents, et al., Defendant. [781 NYS2d 67]—

Judgment, Supreme Court, New York County (Louis B. York, J.), entered December 23, 2003, which dismissed the complaint as against defendants-respondents, unanimously modified, on the law and the facts, dismissal of claims for failure to comply with Building Code (Administrative Code of City of NY) § 27-129 and paragraph "thirty-first" of the lease vacated, those claims reinstated, and otherwise affirmed, without costs.

Before tenants became fully aware of many of the specifics of the landlord's claims against them, plaintiff landlord undertook a major renovation of the building involving the destruction of the only evidence that could have determined whether defendant tenants violated their obligations under the termination provisions of the parties' lease. These actions deprived tenants of a fair opportunity to have their expert inspect the premises in order to focus on the specific items thereafter claimed by plaintiff in this lawsuit. This prelawsuit conduct of plaintiff was surely negligent, if not intentional, clearly impeding defendants' ability to present what, on this record, appears to be at least an arguable defense. Accordingly, the IAS court properly dismissed those claims as an appropriate sanction for plaintiff's spoliation of evidence notwithstanding that the action had not yet been commenced (*Squitieri v City of New York*, 248 AD2d 201, 203 [1998]; *Kirkland v New York City Hous. Auth.*, 236 AD2d 170 [1997]). Indeed, at oral argument, it was made clear that plaintiff was considering, or had finally determined to commence, this lawsuit at or before the time it undertook its acts of spoliation which it set in motion virtually immediately after defendants vacated the premises.

However, as for plaintiff's other claims, the proffered documents and the photographic evidence are sufficient to allow defendants to present a defense in their effort to prove they complied with the inspection reporting requirements of the Building Code (Administrative Code § 27-129), and that, as the lease requires, they surrendered the premises free of all movable furniture, personal property, or trade fixtures. Those claims of plaintiff should not have been dismissed.

We have considered and rejected plaintiff's remaining contentions. Concur—Tom, J.P., Saxe, Ellerin, Marlow and Catterson, JJ.