■ Avivith Oppenheim et al., Appellants-Respondents, v Mojo-Stumer Associates Architects, P.C., Doing Business as Mojo-Stumer Associates, P.C., et al., Respondents-Appellants, et al., Defendant. [892 NYS2d 91]—

Plaintiffs spoliated evidence central to their claim that renovations on their apartment, designed by Mojo-Stumer and to be performed by defendant Viscuso's general contracting firm (Vista), were not complete when they invited a new contractor to perform substantial additional work without first permitting defendants to verify the need for such additions, warranting a sanction (*see 430 Park Ave. Co. v Bank of Montreal*, 9 AD3d 320 [2004]). However, because defendants had extensive personal knowledge of the status of the job, and indeed had repeatedly certified completion of various stages of the work, they were still able to offer a meaningful defense (*id.*; *see also Kirschen v Marino*, 16 AD3d 555 [2005]). As such, the appropriate sanction was preclusion of plaintiffs' witness *as an expert*, but not as a fact witness.

The counterclaim for wrongful termination should have been dismissed in light of the individual defendants' convictions for bribery and tax evasion in connection with this renovation contract (*see Black v MTV Networks*, 172 AD2d 8 [1991], *lv dismissed* 79 NY2d 915 [1992], *lv denied sub nom. Black v Viacom Intl.*, 80 NY2d 757 [1992]).

The court appropriately granted defendants' motion to treat discovery in this matter as confidential, which is standard in commercial cases (*see Mann v Cooper Tire Co.*, 56 AD3d 363, 365 [2008]). Concur—Tom, J.P., Andrias, McGuire and Manzanet-Daniels, JJ. **[Prior Case History: 2009 NY Slip Op 30939(U).]**