*629 Plaintiffs’ premises liability claims are based on an alleged toxic mold condition in their former cooperative apartment. In his deposition, plaintiff Colin Fraser attributed the claimed lost earnings to lethargy which, according to plaintiffs Colin Fraser’s and Pamela Fraser’s supplemental bill of particulars, was a consequence of plaintiffs’ exposure to the mold contamination. Damages for the resultant lost earnings are therefore not recoverable in light of the motion court’s previous dismissal of plaintiffs’ personal injury claims (see 57 AD3d 416 [2008], appeal dismissed 12 NY3d 847 [2009]). Moreover, it does not avail plaintiffs to argue that they have not been able to make commercial use of the apartment since 2002, which happens to be the year they moved out of the premises.
Plaintiffs should be precluded from offering evidence at trial as to loss of personal property because they disposed of the items they claim were damaged, thereby preventing defendants from challenging the validity and extent of those claims (see Sguitieri v City of New York, 248 AD2d 201 [1st Dept 1998]).
Notwithstanding defendants’ argument, the closed violation summary report issued by the New York City Department of Housing Preservation and Development does not dispose of plaintiffs’ claim of a diminution in the value of the apartment. The report does not resolve the operative question of whether and to what extent the alleged contamination affected the value of plaintiffs’ cooperative shares (see e.g. Matter of Commerce Holding Corp. v Board of Assessors of Town of Babylon, 88 NY2d 724, 730 [1996]). Moreover, as the motion court ruled, limitations on the testimony of plaintiffs’ expert witnesses are appropriately left to the discretion of the trial court. Concur— Friedman, J.P., Catterson, Renwick, DeGrasse and Román, JJ.