■ COLETTE MALOUF, Respondent, v EQUINOX HOLDINGS, INC., Defendant/Third-Party Plaintiff-Appellant. LIFE FITNESS, INC., Third-Party Defendant-Respondent, et al., Third-Party Defendants. [978 NYS2d 160]—

In this action for personal injuries allegedly sustained by plaintiff on September 17, 2008, when she fell off a treadmill at defendant's Soho location, defendant was unable to provide the treadmill for inspection or to provide any information as to how or when the treadmill was removed, other than an affidavit from a manager at the Soho location who believed that it was replaced as part of an equipment upgrade that would have occurred some time prior to September 2010. All paperwork concerning the treadmill was also missing. Plaintiff and third-party defendant established that defendant's failure to take affirmative steps to preserve the treadmill constituted spoliation of evidence by demonstrating that defendant was on notice that the treadmill might be needed for future litigation (*see Strong v City of New York*, 112 AD3d 15 [1st Dept 2013]). Although the instant action was not commenced until May 20, 2009, the evidence shows that plaintiff immediately reported the accident and a claims defense form was prepared by defendant's employee and forwarded to its legal department (*see id.*; *see also Kirkland v New York City Hous. Auth.*, 236 AD2d 170, 173-175 [1st Dept 1997]). Accordingly, the motion court did not abuse its broad discretion in remedying defendant's discovery failures by barring it from arguing at trial that the subject treadmill was operating properly or was free from defects.

The motion court's invocation of the harsh penalty of striking defendant's third-party complaint seeking contribution and indemnification based on the design, manufacture, sale, maintenance, and servicing of the treadmill was warranted since the treadmill was a key piece of evidence that is not available for inspection (*see Kirkland*, 236 AD2d at 176; *Standard Fire Ins. Co. v Federal Pac. Elec. Co.*, 14 AD3d 213, 219 [1st Dept 2004]). Concur—Gonzalez, P.J., Tom, Renwick, Manzanet-Daniels and Feinman, JJ.