Matter of New York City Asbestos Litig. (2018 NY Slip Op 00346)





Matter of New York City Asbestos Litig.


2018 NY Slip Op 00346


Decided on January 18, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 18, 2018

Acosta, P.J., Sweeny, Gische, Andrias, Gesmer, JJ.


5493N 40000/88 190281/14

[*1] In Re New York City Asbestos Litigation
Theresa Warren, etc., Plaintiff-Respondent,
v
Amchem Products, Inc., et al., Defendants, J-M Manufacturing Company, Inc., Defendant-Appellant.


Segal McCambridge Singer & Mahoney, Ltd., New York (Madina Axelrod of counsel), for appellant.
Weitz & Luxenberg, P.C., New York (Gennaro Savstano of counsel), for respondent.



Order, Supreme Court, New York County (Peter H. Moulton, J.), entered on or about November 9, 2015, which granted plaintiff's motion for spoliation sanctions against defendant J-M Manufacturing Company, Inc. (JMM), unanimously affirmed, without costs.
In or around the 1990's, JMM lost and destroyed numerous banker's boxes containing the records of the manufacture, sale, and marketing of pipe which contained asbestos, a line of business it purchased from Johns-Manville in the 1980s. Although the first claim by an end user for personal injuries was not made with regard to that pipe until 2000, plaintiff adduced evidence that JMM was on notice that the records might be needed for future litigation, and thus JMM's behavior constituted spoliation (see Strong v City of New York, 112 AD3d 15 [1st Dept 2013]; see also Malouf v Equinox Holdings, Inc., 113 AD3d 422 [1st Dept 2014]). JMM was well aware of the long history of personal injury claims arising from other Johns-Manville asbestos-containing products, and the Worker's Compensation claims filed by individuals who worked in the manufacture of the pipes at issue.
JMM contemplated the possibility of litigation, having entered into a litigation cooperation agreement with Johns-Mansville at the time it purchased the pipe business, and internal memos from the 1980's show that executives and lawyers at JMM discussed the risk-benefit of continuing the product line, as well as the possibility that its insurance carriers would withdraw liability coverage for the product (see e.g. New York City Hous. Auth. v Pro Quest Sec., Inc., 108 AD3d 471 [1st Dept 2013]; Squitieri v City of New York, 248 AD2d 201, 203 [1st Dept 1998]). Accordingly, the motion court did not abuse its broad discretion in directing that the jury [*2]be charged with an adverse inference at the time of trial (see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543 [2015]; Gogos v Modell's Sporting Goods, Inc. (87 AD3d 248 [1st Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 18, 2018
CLERK