Alphas v Smith (2019 NY Slip Op 02030)





Alphas v Smith


2019 NY Slip Op 02030


Decided on March 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2019

Sweeny, J.P., Webber, Gesmer, Singh, JJ.


8731 155790/15

[*1]Peter Alphas, et al., Plaintiffs-Appellants,
v Scott Smith, et al., Defendants-Respondents.


Spinak Law Office, White Plains (Robert Spinak of counsel), for appellants.
Lewis Brisbois Bisgaard & Smith, LLP, New York (Philip Furia of counsel), for respondents.



Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered January 10, 2018, which, to the extent appealed from, granted defendants' motion for discovery sanctions to the extent of ordering that at trial an adverse inference charge shall be given against plaintiffs relating to the documents plaintiffs claim were lost or destroyed, unanimously affirmed, without costs.
Plaintiffs do not dispute that they had a duty to preserve relevant documents and that the documents they claim were lost or destroyed were relevant (see Zubulake v UBS Warburg LLC, 220 FRD 212, 218 [SD NY 2003]; Voom HD Holdings LLC v EchoStar Satellite L.L.C., 93 AD3d 33, 36 [1st Dept 2012]). They argue only that defendants failed to show that they acted negligently (see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547-548 [2015]).
We find that the motion court found that plaintiffs acted negligently. Plaintiffs argue that, despite a court order of protection, plaintiff Peter Alphas's landlord illegally evicted him and destroyed his records. However, even if there was a court order of protection, plaintiff's decision to store his only copy of these records in a location that was the subject of an eviction proceeding, while he was under an obligation to safeguard the documents, demonstrates negligence.
As noted by the court, spoliation sanctions "are not limited to cases where the evidence was destroyed willfully or in bad faith, since a party's negligent loss of evidence can be just as fatal to the other party's ability to present a defense" (Strong v City of New York (112 AD3d 15, 21 [1st Dept 2013]). While the record did not demonstrate that plaintiff destroyed the documents willfully or in bad faith, so as to warrant striking the pleading, "a less severe sanction would be appropriate."
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 19, 2019
CLERK