Dunn v New Lounge 4324, LLC (2020 NY Slip Op 01032)





Dunn v New Lounge 4324, LLC


2020 NY Slip Op 01032


Decided on February 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020

Richter, J.P., Manzanet-Daniels, Gesmer, Singh, JJ.


11034 151462/13

[*1] Joseph Dunn, Plaintiff-Respondent,
v
New Lounge 4324, LLC doing business as Bounce Sporting Club, Defendant-Appellant, John Does 1-7, etc., et al., Defendants.


Lester Schwab Katz & Dwyer, LLP, New York (John Sandercock of counsel), for appellant.
Law Office of Natascia Ayers, New York (Natascia Ayers of counsel), for respondent.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered April 22, 2019, which denied the motion of defendant New Lounge 4324, LLC for summary judgment dismissing the complaint and granted plaintiff's cross motion for sanctions for spoliation to the extent of granting an adverse inference charge at trial, unanimously affirmed, without costs.
Defendant's summary judgment motion was properly denied. Defendant's witness testified that plaintiff was attacked by a third party away from defendant's business, after being removed from defendant's club. Plaintiff, however, testified that while inside defendant's club, defendant's bouncers punched him in the face, tackled him, and stomped on his foot, and then proceeded to punch him in the face again outside of the club. Such conflicting versions of what occurred raise credibility issues precluding summary judgment (see Rawls v Simon, 157 AD3d 418, 419 [1st Dept 2018]).
The motion court properly refused to consider the mobile phone video submitted by defendant in support of the motion because it was not sufficiently authenticated (see National Ctr. for Crisis Mgt., Inc. v Lerner, 91 AD3d 920, 921 [2d Dept 2012]; see generally Zegarelli v Hughes, 3 NY3d 64, 69 [2004]). In any event, the video, which does not show the entire incident, does not establish that plaintiff was not punched by defendant's bouncers at some time after the video was taken.
The motion court also properly granted plaintiff's cross motion for sanctions for spoliation and found that an adverse inference charge at trial is appropriate (see Strong v City of New York, 112 AD3d 15, 22 [1st Dept 2013]). Plaintiff established that defendant was on notice that its surveillance footage, which captured what happened inside of its club and a portion of the area immediately outside of its club, might be needed for future
litigation. After receiving such notice, defendant did not take steps to ensure that the video footage was preserved.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 13, 2020
CLERK