Castro v 510 W. 188th St. Assoc., LLC (2021 NY Slip Op 00619)





Castro v 510 W. 188th St. Assoc., LLC


2021 NY Slip Op 00619


Decided on February 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 04, 2021

Before: Kapnick, J.P., Mazzarelli, Moulton, Shulman, JJ. 


Index No. 36251/17 Appeal No. 13037 Case No. 2020-00938 

[*1]Yesenia Castro, Plaintiff-Respondent,
v
510 West 188th Street Associates, LLC, Defendant-Appellant.


Farber Brocks & Zane L.L.P., Garden City (Lester Lee Chanin of counsel), for appellant.
Trolman Glaser Corley & Lichtman, P.C., New York (Michael A. Madonna of counsel), for respondent.



Order, Supreme Court, Bronx County (Laura G. Douglas, J.), entered January 3, 2020, which, insofar as appealed from, granted plaintiff's motion to the extent of ordering an adverse inference at trial based on alleged spoliation of videotape evidence, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in imposing a sanction of an adverse inference charge against defendant at trial with respect to the deleted video footage (see Dunn v New Lounge 4324, LLC, 180 AD3d 510 [1st Dept 2020]; Strong v City of New York, 112 AD3d 15, 22-24 [1st Dept 2013]). Plaintiff demonstrated that defendant had an obligation to preserve the video footage at the time of its destruction and negligently failed to do so. Plaintiff further showed that the destroyed video footage is relevant to her claim that the absence of an adequate railing at her right on the stairwell, which she attempted to grab onto at the time of the accident, contributed to her fall. It is also relevant to defendant's defense that plaintiff contributed to the accident by being on her cell phone or holding it with both hands at the time of her fall. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 4, 2021