Vaccaro v ESRT Empire State Bldg., L.L.C. (2024 NY Slip Op 05422)

Vaccaro v ESRT Empire State Bldg., L.L.C.

2024 NY Slip Op 05422

Decided on October 31, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 31, 2024

Before: Webber, J.P., Oing, Kapnick, Kennedy, JJ. 

Index No. 154556/19 Appeal No. 2959 Case No. 2023-03651 

[*1] Frank Vaccaro, Plaintiff-Respondent,
v
ESRT Empire State Building, L.L.C., et al., Defendants-Respondents, Bonten Media Group Inc., Defendant, Development Ventures Group, Inc., Defendant-Appellant. [And Another Action]

Cullen and Dykman LLP, New York (Michael E. Joseph of counsel), for appellant.
Grandelli & Eskenasi, New York (D. Allen Zachary of counsel), for Frank Vaccaro, respondent.
Leon R. Kowalski & Associates, Jericho (Mary C. Azzarretto of counsel), for ESRT Empire State Building, L.L.C. and Empire State Realty Trust, Inc., respondents.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered May 3, 2023, which, to the extent appealed from as limited by the briefs, granted the cross-motion of defendants ESRT Empire State Building, LLC and Empire State Realty Trust, Inc. (collectively, ESRT) for summary judgment on its cross-claims as against defendant Development Ventures, Inc. for breach of a contractual insurance procurement clause and contractual indemnity and for spoliation sanctions against Development, and granted plaintiff's cross-motion for spoliation sanctions against Development, unanimously modified, on the law, to deny ESRT's cross-motion to the extent it sought summary judgment on its cross-claim against Development for breach of a contractual insurance procurement clause, and otherwise affirmed, without costs.
Plaintiff alleges that he was injured when he fell from an A-frame ladder that collapsed as he was standing on it. Supreme Court providently exercised its discretion in precluding Development from any use of the photographs of the ladder taken by its insurance carrier before Development's employees disposed of it. Under the circumstances presented, where the destruction of evidence was at least negligent, preclusion of evidence, rather than striking of the pleadings, was the appropriate sanction (see New York City Hous. Auth. v Pro Quest Sec., Inc., 108 AD3d 471, 473-474 [1st Dept 2013]). We reject Development's argument that it was not placed on notice that it should preserve the ladder, as Development was aware that plaintiff fell from the ladder and that there was a reasonable possibility of litigation regarding the incident (see Malouf v Equinox Holdings, Inc., 113 AD3d 422, 422 [1st Dept 2014]; Adrian v Good Neighbor Apartment Assocs., 277 AD2d 146, 147 [1st Dept 2000], lv dismissed, 96 NY2d 754 [2001]).
Furthermore, ESRT established its entitlement to summary judgment on its contractual indemnity claim against Development. The indemnity provision in the lease between the parties was triggered because the accident occurred "in or about the [p]remises" (see Great N. Ins. Co. v Interior Const. Corp., 7 NY3d 412, 417 [2006]). Development cannot defeat the motion by relying on the lease provision concerning ESRT's right of re-entry, as that provision requires a showing that ESRT was negligent and Development has offered no evidence in support of such a showing.
However, Supreme Court should have denied ESRT's motion to the extent it sought summary judgment on its breach of contract claim arising from the lease's requirement that Development purchase insurance in favor of ERST. Development's insurance policy contains a blanket additional insured endorsement satisfying the requirement (see Solorzano v Lophijo Realty Corp., 224 AD3d 487, 488 [1st Dept 2023]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 31, 2024