Tittel v City of New York (2025 NY Slip Op 01902)

Tittel v City of New York

2025 NY Slip Op 01902

Decided on April 01, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 01, 2025

Before: Friedman, J.P., Kapnick, Gesmer, González, Higgitt, JJ.

Index No. 300526/15|Appeal No. 583-M-4993|Case No. 2022-05546|

[*1]Laura Tittel, Plaintiff-Appellant,
v
The City of New York, Defendant-Respondent, Corizon Health Inc., et al., Defendants.

Kelner & Kelner, New York (Joshua D. Kelner or counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Janet L. Zaleon of counsel), for respondent.

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered August 18, 2022, which granted plaintiff's motion to strike defendant City of New York's answer for spoliation of evidence solely to the extent of directing an adverse inference charge, unanimously modified, on the law, the facts, and in the exercise of discretion, to also preclude defendant from introducing evidence at trial concerning the contents of the missing video, and otherwise affirmed, without costs.
The court providently exercised its discretion in declining to strike the City's answer and directing an adverse inference charge since the missing video was neither the sole source of information about the incident in which plaintiff was injured nor the sole means by which she can establish her case (see Alleva v United Parcel Serv., Inc., 112 AD3d 543, 544 [1st Dept 2013]). Moreover, plaintiff did not show that the missing video was intentionally destroyed or that records beneficial to the City's defense were selectively preserved. Plaintiff's testimony and the conflicting accounts of the incident in the reports prepared by Department of Corrections employees are sufficient to enable the jury to properly evaluate credibility (see E. W. Howell Co., Inc. v S. A. F. La Sala Corp., 36 AD3d 653, 655 [2d Dept 2007]).
Nevertheless, permitting the City's witnesses to testify to the contents of the missing tape would provide it with a tactical advantage from the spoliation. Accordingly, defendant is also precluded from presenting evidence concerning the contents of the missing tape (see Strong v City of New York, 112 AD3d 15, 24 [1st Dept 2013]).
We have considered the remaining arguments and find them unavailing.
M-4993 Tittel v City of New York, et al.
Motion to lift stay imposed on this appeal based on the bankruptcy of defendant Corizon Health Inc., granted.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 1, 2025