(January 5, 2006)

■ EUGENE HENNESSEY, Plaintiff, v RESTAURANT ASSOCIATES, INC., Defendant and Third-Party Plaintiff-Respondent. NEW YORK MERCANTILE EXCHANGE, INC., Third-Party Defendant-Appellant. [807 NYS2d 349]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered July 26, 2005, which denied third-party defendant's motion to dismiss the first and second causes of action in the third-party complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of the third-party defendant dismissing the third-party complaint.

In this personal injury action which resulted from an accident involving a butane cannister gas stove in a cafeteria operated by defendant and third-party plaintiff Restaurant Associates, the IAS court erred when it denied third-party defendant's motion to dismiss the first and second causes of action in the third-

party complaint. Restaurant Associates based its third-party liability claims against its landlord, third-party defendant New York Mercantile Exchange (NYMEX), on negligent spoliation of evidence. While NYMEX apparently came into possession of the gas stove involved in the accident, there is no record evidence which would indicate that NYMEX did so at Restaurant Associates' request, that NYMEX did so in such a manner as to create a bailment, or that NYMEX acted in any manner contrary to Restaurant Associates' property interest, if any, in the stove. NYMEX was never notified of the impending lawsuit and was not asked for the stove by Restaurant Associates until four years after the accident. Restaurant Associates made no effort to preserve the stove or seek a court order in a timely manner. NYMEX was not a party to the underlying lawsuit, was not alleged to have committed or contributed to any wrongdoing causing the accident, and had no relationship with Restaurant Associates requiring it to preserve the stove; therefore, NYMEX can have no potential liability. Absent some duty to preserve evidence, there is no cause of action for negligent spoliation (*MetLife Auto & Home v Joe Basil Chevrolet*, 1 NY3d 478, 483-484 [2004]). Concur—Buckley, P.J., Tom, Saxe, Gonzalez and Malone, JJ.