█ Lisa Vasquez et al., Appellants, v Leonardo Soriano et al., Respondents. [965 NYS2d 121]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered July 12, 2011, which denied plaintiffs' motion to strike defendants' answer or, alternatively, for summary judgment on the issue of liability, and order, same court and Justice, entered on or about July 12, 2011, which denied plaintiffs' motion for a special preference, unanimously affirmed, without costs.

Supreme Court providently exercised its discretion in denying plaintiffs' motion to strike defendants' answer as a spoliation sanction. Although defendant Leonardo Soriano readily admitted that he disposed of the plastic covering that allegedly caused plaintiff Lisa Vasquez's fall, plaintiffs may prove their case with the photographs of the condition, which, according to Lisa Vasquez and plaintiffs' counsel, accurately depict the condition at the time of her accident (*see Alleva v United Parcel Serv., Inc.*, 102 AD3d 573, 574 [1st Dept 2013]).

Supreme Court properly denied plaintiffs' motion for summary judgment on the issue of liability. Defendants' home was built in 1969, and the Building Code and Residential Code of the New York State Uniform Fire Prevention and Building Code Act (L 1981, ch 707, § 1) are not applicable to buildings constructed or under construction before January 1, 1984 (*see id.* § 19). In any event, a violation of the regulations promulgated by the State Fire Prevention and Building Code Council (Executive Law §§ 374, 377), would constitute mere evidence of negligence, and not negligence per se (*see Yenem Corp. v 281 Broadway Holdings*, 18 NY3d 481, 489 [2012]; *Bauer v Female Academy of Sacred Heart*, 97 NY2d 445, 453 [2002]).

Although, in order to obtain a trial preference, Lisa Vasquez was not required to show that the accident at issue caused her alleged indigence (CPLR 3403 [a] [3]; *see Brenton v Tiripicchio*,

54 AD2d 571, 571-572 [2d Dept 1976]), the court properly denied plaintiffs' motion because they failed to address plaintiff Ruben Vasquez's financial status.

We have considered plaintiffs' remaining contentions and find them unpersuasive. Concur—Tom, J.P., Andrias, Renwick and DeGrasse, JJ.