Order, Supreme Court, New York County (Joan M. Kenney, J.), entered September 17, 2012, which granted defendants-respondents’ motion for spoliation sanctions to the extent of precluding plaintiff from offering any evidence and/or testimony at trial in opposition to defendants’ defenses and counterclaims, unanimously affirmed, with costs.
In this action, plaintiff diamond dealer alleges, among other *669 things, that its broker, defendant Mendez Moskowitz and his company defendant BMW Diamonds, Inc., never intended to pay for diamonds it acquired from plaintiff. Defendants counterclaimed, alleging, among other things, that plaintiff failed to pay commissions to defendants.
More than two years into this litigation, plaintiffs bookkeeper revealed at his deposition for the first time that certain electronic files that were created to track defendants’ commissions were either “lost” or “deleted” at the end of 2007 and 2008, after a copy of the file had been printed. The bookkeeper further testified that he created and kept all of plaintiff s records on one computer, which had been in use for the last ten years. A month later, when defendants’ attorney sought to forensically examine the computer to determine if any of the deleted files could be restored, plaintiffs bookkeeper claimed, for the first time, that the computer was “broken” and had been thrown away in late 2009 or early 2010, after the commencement of this action. Thereafter, the bookkeeper testified that numerous documents supporting plaintiff’s claim that defendants were not entitled to commissions could not be produced because they were stored only on the discarded computer.
Spoliation sanctions were appropriate based on plaintiffs disposal of the computer. Plaintiff was put on notice of its obligation to “preserve all relevant records, electronic or otherwise,” at the very latest, in July 2009, when it received defendants’ answer asserting counterclaims for commissions (VOOM HD Holdings LLC v EchoStar Satellite L.L.C., 93 AD3d 33, 41 [1st Dept 2012]).
Plaintiffs conduct evinces a higher degree of culpability than mere negligence (see Ahroner v Israel Discount Bank ofN.Y., 79 AD3d 481, 482 [1st Dept 2010]). Indeed, the record shows that, despite numerous court orders and the court’s assignment of a special referee to supervise discovery, plaintiff delayed discovery and did not disclose to defendants that it had discarded the subject computer for almost two years, notwithstanding that such disclosure was specifically requested by defendants. Further, the testimony of plaintiff’s bookkeeper that a litigation hold, either written or oral, was never issued directing him to preserve electronic data, supports a finding that plaintiff s disposal of the subject computer was, at the very least, grossly negligent (see VOOM, 93 AD3d at 45).
Defendants established that plaintiffs spoliation of critical evidence compromised defendants’ ability to prosecute their counterclaims (Baldwin v Gerard Ave., LLC, 58 AD3d 484, 485 *670 [1st Dept 2009]). Accordingly, the court did not abuse its discretion in determining that preclusion was an appropriate spoliation sanction.
Plaintiffs contention that its disposal of the subject computer did not cause defendants any prejudice because many of the files were printed prior to its disposal and had subsequently been produced to defendants is contradicted by the deposition testimony of its own bookkeeper. Moreover, converting the files from their native format to hard-copy form would have resulted in the loss of discoverable metadata (see Matter of Irwin v Onondaga County Resource Recovery Agency, 72 AD3d 314, 321-322 [4th Dept 2010]; see also Tener v Cremer, 89 AD3d 75, 81 [1st Dept 2011]). In addition, by discarding the computer after its duty to preserve had attached without giving notice to defendants, plaintiff deprived defendants of the opportunity to have their own expert examine the computer to determine if the deleted files could be restored (see Tener, 89 AD3d at 79).
Plaintiff never requested an evidentiary hearing before the motion court; therefore, its current claim that it is entitled to a hearing is not preserved for our review (see e.g. DaSilva v C & E Ventures, Inc., 83 AD3d 551 [1st Dept 2011]).
We have considered plaintiffs remaining contentions and find them unavailing. Concur—Sweeny, J.R, Saxe, Moskowitz, Gische and Clark, JJ.