■ ROBERT DUFFY et al., Respondents, v 274 WEST 19, LLC, et al., Appellants. (And Third-Party Actions.) [49 NYS3d 683]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered May 26, 2016, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing plaintiffs' complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

Plaintiff Robert Duffy allegedly struck his head while attempting to walk through a low door that led to a machine room in a building owned by defendant 274 West 19, LLC and managed by defendant Beach Lane Management, Inc.

Defendants made a prima facie showing that the alleged New York City Building Code violations did not apply to the building, which was erected in 1899, before the enactment of the Code (*see e.g. Vasquez v Soriano*, 106 AD3d 545, 545 [1st Dept 2013]). Plaintiffs' expert's opinion that "[t]he door and exterior stair w[ere] clearly not of the original construction and would violate whatever code edition was in effect at the time [the door and stairs] had been installed," was too conclusory and speculative to raise an issue of fact (*see Cummo v Children's Hosp. of N.Y.*, 113 AD3d 405, 406 [1st Dept 2014]).

Defendants are entitled to dismissal of plaintiff's common-law claim, as plaintiff's testimony established that the condition complained of was open and obvious and not inherently dangerous (*see Boyd v New York City Hous. Auth.*, 105 AD3d 542, 543 [1st Dept 2013], *lv denied* 22 NY3d 855 [2013]). Concur—Acosta, J.P., Renwick, Manzanet-Daniels, Webber and Gesmer, JJ.