Kovel v Glenwood Mgt. Corp. (2021 NY Slip Op 06805)





Kovel v Glenwood Mgt. Corp.


2021 NY Slip Op 06805


Decided on December 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 07, 2021

Before: Acosta, P.J., Gische, Webber, Friedman, Kennedy, JJ. 


Index No. 159560/17 Appeal No. 14790 Case No. 2021-01751 

[*1]Virginia Kovel, Plaintiff-Respondent,
v
Glenwood Management Corp., et al., Defendants-Appellants, City of New York, Defendant.


Mauro Lilling Naparty LLP, Woodbury (Kathryn M. Beer of counsel), for appellants.
Alpert, Slobin & Rubinstein, Garden City (Lisa M. Comeau of counsel), for respondent.



Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered on or about April 6, 2020, which, to the extent appealed from as limited by the briefs, denied defendants Glenwood Management and Delbro Realty 1920, LLC's motion for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
The tree well border at issue in this action is not an inherently dangerous condition. To the extent that plaintiff claims the snow obscured her view of the tree well border, the storm in progress doctrine would preclude any recovery.
Plaintiff tripped and fell on a tree well border made of stone, that is adjacent to a building owned and operated by the appealing defendants (defendants). The accident occurred at night and during a snow fall. Plaintiff claims that the border is an inherently dangerous tripping hazard and that it was neither open nor obvious at the time of her fall. In its motion for summary judgment, defendant relied on the following evidence: plaintiff's description of the border as green, smooth and approximately three inches high, plaintiff's deposition testimony that at the time of her accident the border was in good condition and there was nothing wrong with it, testimony by Mr. Argotti, who was the building superintendent for 15 years, that there were no instances in which any individual tripped on the subject tree pit or its border or any of the 12 substantially similarly tree pits and borders adjacent to the property, and a record search by the New York City Department of Transportation finding no violations concerning the tree well or its border in the two years preceding the accident. This evidence was sufficient to primafacie establish that the tree well border did not constitute an inherently dangerous condition (see Vasquez v Yonkers Racing Corp, 171 AD3d 418 [1st Dept 2019]; Boyd v New York City Hous. Auth., 105 AD3d 542 [1st Dept 2013], lv denied 22 NY3d 855 [2013]). In opposition, plaintiff failed to raise an issue of fact. There is no claim that its design violates any building code provision or other applicable law or regulation (see Duffy v 274 W. 19 LLC, 148 AD3d 553 [1st Dept 2017], lv denied 30 NY3d 906 [2017]). Although plaintiff relied on an expert who concluded that the tree well border was inherently dangerous, he failed to include in his opinion any accepted industry wide standards of practices in the field regarding the construction and/or design of a tree well border from which defendants may have deviated (see Schmidt v One N. Y. Plaza Co. LLC, 153 AD3d 427 [1st Dept 2017]; Hotaling v City of New York, 55 AD3d 396 [1st Dept 2008], affd 12 NY3d 862 [2009]). Plaintiff's expert noted that the City of New York Department of Parks recommends that tree guards be 18 inches in height. This recommendation does not qualify as an accepted industry wide standard, and in any event, was [*2]intended to protect plants and trees, not people.
Plaintiff claims that snow covering the tree well made it harder to see. Plaintiff provides no response to the meteorologic evidence establishing that there was a storm in progress at the time she fell (Ponce v BLDG Orchard, LLC, 191 AD3d 613 [1st Dept 2021], Lowenstern v Sherman Sq. Realty Corp., 165 AD3d 432 [1st Dept 2018], lv denied 33 NY3d 906 [2019]). Thus, there was no duty to remove the snow at the time of the accident. Where the accumulation of snow is the reason for liability, there is no analytical basis to limit the storm in progress doctrine to only icy conditions.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 7, 2021