Gilliam v Uni holdings (2021 NY Slip Op 06798)





Gilliam v Uni holdings


2021 NY Slip Op 06798


Decided on December 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 07, 2021
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Sallie Manzanet-Daniels
Barbara R. Kapnick Angela M. Mazzarelli Peter H. Moulton Saliann Scarpulla


Index No. 25956/18E Appeal No. 14625 Case No. 2020-03372 

[*1]Jekeya Gilliam, Plaintiff-Appellant,
v
Uni holdings, Defendant, University Holding, LLC,, Defendant-Respondent.



Plaintiff appeals from the order of the Supreme Court, Bronx County (Laura Douglas, J.), entered July 21, 2020, which, to the extent appealed from as limited by the briefs, granted defendant University Holding, LLC's motion for spoliation sanctions.




Mischel & Horn, P.C., New York (Scott T. Horn and Christen Giannaros of counsel), for appellant.
Marshall Dennehey Warner Coleman & Goggin, P.C., New York (Andrew Thebaud and Adam Calvert of counsel), for respondent.



SCARPULLA, J. 


This appeal hinges on whether the condition of one's body is the kind of evidence that is subject to a spoliation analysis.
The case arises from an accident that took place on June 25, 2017, when plaintiff Jekeya Gilliam was struck by a falling portion of the bathroom ceiling in her apartment, located at 1815 University Avenue in the Bronx. As a result of the accident, plaintiff allegedly sustained, among other things, injuries to her lumbar spine, including a bulging L4-L5 disc. The building where the accident transpired is owned by defendant University Holding, LLC.
Plaintiff commenced this negligence action against defendant on May 22, 2018.
In a preliminary conference order, entered on August 10, 2018, Supreme Court ordered that plaintiff must appear for an "independent" medical examination (ME) within 45 days of her deposition. Then, in an October 26, 2018 compliance conference order, the court ordered that plaintiff's ME be held within 45 days from defendant's designation of a physician to perform the ME.
Plaintiff was deposed on January 7, 2019. Approximately one month later, defendant served plaintiff's counsel with an ME Designation Notice which stated that Dr. Daniel Feuer was designated to conduct plaintiff's ME on March 6, 2019. Plaintiff did not appear for the March 6th ME. On April 2, 2019, plaintiff underwent a discectomy to her lumbar spine. Defendant served a second ME Designation Notice on April 3, 2019 that scheduled the exam for May 15, 2019. Plaintiff filed a supplemental bill of particulars on April 9, 2019 in which she disclosed the lumbar spine surgery and attached a HIPAA release form. Plaintiff appeared for an ME on the date scheduled in May.
After completing the ME, defendant moved to dismiss plaintiff's complaint, pursuant to CPLR 3126, claiming that plaintiff's surgery resulted in the spoliation of critical evidence, and alternatively, sought an order issuing spoliation sanctions for plaintiff's failure to appear for an ME and intentional destruction of evidence. Defendant argued that plaintiff was obligated to preserve the condition of her spine as it was evidence and the surgery "drastically" altered the spine's condition thereby prejudicing defendant. Further, defendant stated that because there was nothing submitted by plaintiff suggesting that the surgery was urgent, her pre-ME discectomy amounted to willful alteration of evidence.
Supreme Court denied defendant's motion to dismiss but sanctioned plaintiff by precluding [*2]her "from offering any evidence regarding an injury or surgery to her L4-L5 disc or recovering any damages for said injury or surgery." The court opined that, in a personal injury action "the preservation of [] body parts in an intact state available to all parties for review is essential. Therefore, parts of an injured plaintiff's body fit comfortably into the type of evidence that can be spoliated. The plaintiff does not dispute that her lumbar spine has been altered from its pre-surgery condition. Here, the condition of the plaintiff's L5-SI lumbar spine was crucial evidence in determining the extent to which it was damaged as a result of the underlying accident."
In support of its spoliation order, Supreme Court cited other trial court decisions and held that "'a plaintiff who submits to non-emergency and non-life-threatening surgery prior to a court-ordered physical examination has committed spoliation of evidence'" (citing Mangione v Jacobs, 37 Misc 3d 711, 723 [Sup Ct, Queens County 2012], affd on other grounds 121 AD3d 953 [2d Dept 2014]). We now reverse and hold that the condition of one's body is not the type of evidence that is subject to a spoliation analysis. And, to the extent that these lower court decisions hold that spoliation analysis encompasses the condition of one's body, they should not be followed (see e.g. Martinez v Nelson, 64 Misc 3d 225 [Sup Ct, Bronx County 2019]; Mangione v Jacobs 37 Misc 3d at 723). To so hold would improperly subject a plaintiff's health condition to an unsuitable legal analysis. Instead, a failure to appear for an ME, regardless of whether the failure to appear is preceded by medical treatment for the condition at issue, should be analyzed the same as other failures to comply with court-ordered discovery.
Spoliation refers to evidence which is destroyed or substantially altered (see Zubulake v UBS Warburg LLC, 220 FRD 212, 216 [SD NY 2003]). New York spoliation cases encompass both the willful and negligent destruction of evidence (see Strong v City of New York, 112 AD3d 15, 21 [1st Dept 2013]). Over time, the courts have developed a set of criteria for determining whether evidence has been spoliated. Thus, a party seeking sanctions for spoliation "must establish that the non-moving party had an obligation to preserve the item in question, that the item was destroyed with a culpable state of mind, and that the destroyed item was relevant to the party's claim or defense" (Rossi v Doka USA, Ltd., 181 AD3d 523, 525 [1st Dept 2020] [internal quotation marks omitted]).
Spoliation analysis has long been applied to a party's destruction of inanimate evidence(see e.g. Matter of New York City Asbestos Litig., 157 AD3d 564 [1st Dept 2018] [a pipe containing asbestos]; Maiorano v JPMorgan Chase & Co., 124 AD3d 536 [1st Dept 2015] [surveillance videos]; Malouf v Equinox Holdings, Inc., 113 AD3d 422 [1st Dept 2014] [a treadmill]; Harry Weiss, Inc. v Moskowitz, 106 AD3d 668, 669 [1st Dept 2013] [a computer]; [*3]Vasquez v Soriano, 106 AD3d 545 [1st Dept 2013] [a plastic covering]; Gilchrist v City of New York, 104 AD3d 425, 426 [1st Dept 2013] [a chair]; VOOM HD Holdings LLC v EchoStar Satellite L.L.C., 93 AD3d 33, 41 [1st Dept 2012] [electronic evidence]; Ahroner v Israel Discount Bank of N. Y., 79 AD3d 481 [1st Dept 2010] [emails stored on a hard drive]; Westbroad Co. v Pace El. Inc., 37 AD3d 300 [1st Dept 2007] [elevator equipment]; Hennessey v Restaurant Assoc., Inc., 25 AD3d 340 [1st Dept 2006], lv denied 6 NY3d 712 [2006] [stove]; Boyle v City of New York, 291 AD2d 315 [1st Dept 2002] [sidewalk maintenance records]; Squitieri v City of New York, 248 AD2d 201 [1st Dept 1998] [a street sweeper]).
The state of one's body is fundamentally different from inanimate evidence, and medical treatment, including surgery, is entirely distinct from the destruction of documents or tangible evidence which spoliation sanctions attempt to ameliorate. To find that a person has an "obligation," to preserve his or her body in an injured state so that a defendant may conduct an ME, is antithetical to our belief in personal liberty and control over our own bodies.
It should also be noted that defendant has mischaracterized the nature and role of "independent" MEs in personal injury litigation, presumably to cast plaintiff's surgery as an egregious and sanctionable act. Such examinations "far from being independent in any ordinary sense of the word, are paid for and frequently controlled in their scope and conduct by legal adversaries of the examinee. They are emphatically not occasions for treatment, but are most often utilized to contest the examinee's claimed injury and to dispute the need for any treatment at all" (Bazakos v Lewis, 12 NY3d 631, 638 [2009] [Lipman, Ch. J., dissenting]). Viewed in this context, an ME is simply one piece of evidence in a personal injury action.
Plaintiffs must be free to determine when to undergo medical treatments based on personal factors such as doctor's advice and their specific pain and discomfort level. It would be absurd for courts to require a plaintiff to forego surgery (or other medical treatment) for an injury so as not to potentially compromise a lawsuit against the party(s) alleged to have caused the injury.
Thus, plaintiff's pre-ME spine surgery did not result in the spoliation of evidence. Defendant's categorization of the plaintiff's surgery as "non-emergency" does not alter this conclusion.
In addition, defendant was not "prejudiced" by plaintiff's medical treatment, as there is other evidence upon which defendant may rely, including plaintiff's pre-surgical and post-surgical medical records.
Accordingly, the order of the Supreme Court, Bronx County (Laura Douglas, J.), entered July 21, 2020, which, to the extent appealed from as limited by the briefs, granted defendant University Holding, LLC's motion for spoliation sanctions should be reversed, on the law, without costs and the motion denied.
Order, Supreme [*4]Court, Bronx County (Laura Douglas, J.), entered July 21, 2020, reversed, on the law, without costs and the motion denied.
Opinion by Scarpulla, J. All concur.
Manzanet, J.P., Kapnick, Mazzarelli, Moulton, Scarpulla, JJ.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 7, 2021